EDWARD S. HAND, Respondent, *v.* GEORGE H. KENNEDY et al., Appellants.

Plaintiff sold to defendant W. certain premises, taking a mortgage thereon to secure a portion of the purchase-money ; subsequently W. conveyed to defendants K. and H. undivided interests in said premises, the deed reciting that the parties thereto were jointly interested in the purchase

from plaintiff, the title having, for convenience, been taken in the name of W. for the use and benefit of all in certain specified proportions, and that the grantees had assumed and agreed to pay their proportions of said mortgage. The conveyance was made subject to the mortgage, and the proportions thereof specified the grantees assumed and agreed to pay as part of the consideration. In an action to recover a deficiency arising on foreclosure of the mortgage, *held*, that there was a sufficient consideration to sustain the covenant of the grantees ; and that plaintiff, as mortgagee, could enforce the same.

The cause was noticed and moved for trial at special term. Before the counsel or plaintiff opened his case, defendants' counsel " objected to the jurisdiction of the court and demanded a jury trial." The court reserved its decision, and the parties proceeded with the trial ; evidence was given on both sides and the case submitted to the court. It did not appear, by the case, that either party asked the court to decide the question so reserved, or objected to finishing the trial before him. *Held*, that the action was one at law and defendants were entitled to a jury trial ; but that by completing the trial without insisting upon a ruling as to their right to a jury, they waived that right.

Also, *held*, that an exception, filed after the decision of the action, to the failure of the court to decide the question, was not available.

*It seems*, that defendants should have insisted upon a ruling, and if the court ruled adversely to them, or if it declined to rule at all, or reserved its decision, should have excepted ; or as soon as the nature of the case was developed should have insisted upon a ruling and taken an exception.

(Argued November 29, 1880 ; decided December 7, 1880.)

APPEAL from order of the General Term of the Superior Court of the city of New York, entered upon an order made November 3, 1879, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 13 J. & S. 385.)

This action was brought by plaintiff to recover a deficiency arising on foreclosure of a mortgage executed to him by defendant Williamson.

The complaint set forth and the answer admitted a contract between the parties by which plaintiff agreed to sell and defendants to purchase certain premises, and a contract between the defendants by which it was agreed, among other things, that, as a matter of convenience, the title of said premises should be taken by and in the name of Williamson, he to hold and dis-

pose of it for the benefit of the purchasers. The complaint then alleged a conveyance by plaintiff to Williamson, he giving his bond secured by mortgage upon the premises; also a subsequent conveyance by Williamson to the other defendants. The material portions of this conveyance, as well as the other material facts, appear in the opinion.

*Hamilton Wallis* for appellants. The court which tried the case had no jurisdiction over it; defendants were entitled to a trial by jury. (*Guernsey* v. *Rogers*, 47 N. Y. 238; *Ayres* v. *Dixon*, 78 id. 318; *Patterson* v. *Birdsall*, 6 Hun, 637; *Marsh* v. *Pike*, 10 Paige, 597; *Comstock* v. *Drohan*, 71 N. Y. 9; *Paine* v. *Jones*, 76 id. 274; *Marshall* v. *Davies*, 78 id. 414; *Hand* v. *Fairchild*, 3 Abb. Ct. of App. Dec. 157; *Simonson* v. *Blake*, 20 How. Pr. 487.) There was a complete accord and satisfaction of plaintiff's claim against Kennedy and Hutchinson, under the original contract. (*James* v. *Heckley*, 16 Johns. 273; *Waydell* v. *Luer*, 3 Denio, 510; *Williams* v. *Gillies*, 75 N. Y. 197; *Ayers* v. *Dixon*, 78 id. 318.) The obligation having been discharged no liability, either as principal or surety, survives. (*Vail* v. *Foster*, 4 N. Y. 312; *Williams* v. *Gillies*, 75 id. 197; *Wanzer* v. *Carey*, 76 id. 526.) The reduction of the time on the bond from five to three years was an entirely different thing from what was contemplated when the contract of suretyship was entered into and discharged the sureties. (*Paine* v. *Jones*, 76 N. Y. 274.) A mere agreement to pay the debt of another cannot be enforced, unless it is supported by a consideration. (*Totter* v. *Hughes*, 12 N. Y. 74; *Garnsey* v. *Rogers*, 47 id. 239; *Campbell* v. *Smith*, 71 id. 26.) Where the promisor makes an agreement with the promisee by which a third party is to be benefited, although no consideration may move from the third party, it is indispensable that a consideration should exist somewhere to enable him to enforce it. (*Garnsey* v. *Rogers*, 47 N. Y. 238; *Lawrence* v. *Fox*, 20 id. 268; *Campbell* v. *Smith*, 71 id. 26.) Where a party receives a conveyance of property subject to a mortgage, which he assumes, retaining the amount of the mortgage debt out of

the purchase-money, the mortgagee can recover the amount so retained. The retention of the mortgage debt out of the purchase price, creates the liability. (*Vail* v. *Forster*, 4 N. Y. 312; *Garnsey* v. *Rogers*, 47 id. 238; *Comstock* v. *Drohan*, 71 id. 13.) An assumption in a mortgage would not make the assumer liable, not even if the mortgage was upon its face a deed. (*Garnsey* v. *Rogers*, 47 N. Y. 238.) Nor will an assumption hold good where the assumer's grantor was not liable for the mortgage. (*King* v. *Whitely*, 10 Paige, 465; *Vrooman* v. *Turner*, 69 N. Y. 280; *Cushman* v. *Henry*, 75 id. 103.) The respondent is estopped by his statements to Kennedy and Hutchinson from setting up any claim for a deficiency. (*N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y. 60; *Hathaway* v. *Paine*, 34 id. 109.)

*Aaron Pennington Whitehead* for respondent. Plaintiff is entitled to ask the court for an equitable subrogation to all the rights of the defendant Williamson, as against his co-defendants Kennedy and Hutchinson, in reference to the three-fourths of the mortgage assumed by them, upon the principle that the undertaking of the grantee to pay off an incumbrance is collateral security acquired by the mortgagor, which inures (by an equitable subrogation) to the benefit of the mortgagee. (*Curtis* v. *Tyler*, 9 Paige Ch. 432; *Halsey* v. *Reed*, 9 id. 446; *March* v. *Pike*, 10 id. 595; *Blyer* v. *Monholland*, 2 Sandf. Ch. 478; *King* v. *Whitely*, 10 Paige Ch. 465; *Trotter* v. *Hughes*, 2 Kern. 74; *Vail* v. *Foster*, 4 Comst. 312; *Burr* v. *Beers*, 24 N. Y. 178; *Maure* v. *Harrison*, 1 Eq. Ca. Abr. 93; *Parsons* v. *Briddock*, 2 Vern. 608; *Waring et al., ex parte*, 19 Ves. 345.) Collateral securities given by a debtor to his surety are considered as trusts for the better security of the creditor's debt, and chancery will see that this intention be fulfilled. (4 Kent's Com. 307; 1 Eq. Jurisprudence, § 502; *Maure* v. *Harrison*, 1 Eq. Ca. Abr. 93; *ex parte Perfect*, Mont. Bk. Rep. 25; *Wright* v. *Morley*, 11 Ves. 22; *ex parte Waring*, 19 id. 345; *Vail* v. *Foster*, 4 Coms. 312, 314; *Curtis* v. *Tyler*, 9 Paige Ch. 432; *Halsey* v. *Reed*, 9 Paige, 446; *Blyer* v. *Monholland*, 2 Sandf. Ch.

478; *King* v. *Whitely*, 10 Paige, 465; *Marsh* v. *Pike*, id. 595; *Trotter* v. *Hughes*, 12 N. Y. 74; *Burr* v. *Beers*, 24 id. 178; *Schermerhorn* v. *Vanderheyden*, 1 J. R. 140; *Farley* v. *Cleveland*, 4 Cow. 432; 9 id. 639; *Barker* v. *Buklin*, 2 Den. 45; *Hudson C. Co.* v. *Westchester Bk.*, 4 id. 97; *Lawrence* v. *Fox*, 20 N. Y. 268; *Thorp* v. *Keokuk Coal Co.*, 48 id. 253.) Where equity formerly had exclusive jurisdiction in any particular set of circumstances, the fact that common-law courts have since afforded relief does not oust the jurisdiction of equity, and it will now exercise concurrent jurisdiction with courts of law. (*Atkinson* v. *Leonard*, 3 Bro. C. C. 218; *Wright* v. *Hunter*, 5 Ves. 792; *Kemp* v. *Pryor*, 7 id. 249; *East India Co.* v. *Boddam*, 9 Ves. 463; *Eyre* v. *Everitt*, 2 Russ. 382; *Sailly* v. *Elmore*, 2 Paige, 497; *Mayne* v. *Griswold*, 3 Sandf. 463; *N. Y. Ins. Co.* v. *Roulet*, 24 Wend. 505.) A court of equity will ascertain and fix the respective liabilities of the defendants upon the agreements A and B and upon the deed of September 23, 1874. (*Beal* v. *Finch*, 11 N. Y. 128; *Bohn* v. *Taylor*, 6 Cow. 313.) The promise made by Kennedy and Hutchinson to Williamson was, in effect, a promise made by them upon a valid consideration, for the benefit of the plaintiff, and although the plaintiff was not privy to the consideration, yet as the promise has been adopted by him it is to be deemed made to him, and equity will lay hold of and enforce it for the benefit of the plaintiff. (*Lawrence* v. *Fox*, 20 N. Y. 268; *Burr* v. *Beers*, 24 id. 178; *Berly* v. *Taylor*, 5 Hill, 533; *Williams* v. *Fitch*, 18 N. Y. 546.) The effect of the covenant assuming payment of the incumbrances in the deed of September 23, 1874, is that as between the defendants, Williamson became the surety of Kennedy and Hutchinson as respects the debt due the plaintiff. (*Curtis* v. *Taylor*, 9 Paige Ch. 432; *Trotter* v. *Hughes*, 2 Kern. 74; *March* v. *Pike*, 10 Paige, 597; *Cornell* v. *Prescott*, 2 Barb. 16; *Blyer* v. *Monholland*, 2 Sandf. Ch. 478; *Ferris* v. *Crawford*, 2 Denio, 595; *Tripp* v. *Vincent*, 3 Barb. Ch. 613; *Rubens* v. *Prinde*, 44 Barb. 336; *Russell* v. *Pistor*, 3 Seld. 171; *Burr* v. *Beers*, 24 N. Y. 178; *Lawrence* v. *Fox*, 20 id. 268.)

EARL, J.  This action can be maintained upon the cause of action given to the plaintiff by the deed executed by Williamson to Kennedy and Hutchinson, the appellants, and the prior contracts between the parties need not be resorted to for that purpose.  That deed recites that the parties thereto had become jointly interested in the purchase of certain lands from the plaintiff and from others; that for the convenience of the parties the title to the lands so purchased had been taken in the name of Williamson, to be held for the use and benefit of all the purchasers, in the proportions named; that the grantees had agreed to assume and pay their proportions of the mortgages executed by Williamson for portions of the purchase-money of the lands, and that it was deemed proper and expedient for Williamson to convey to the grantees their interests in such lands.  The deed conveys so much of the lands as had not been sold by the purchasers, and the conveyance is subject to plaintiff's mortgage and other mortgages which the grantees in certain proportions assume and agree to pay as part of the consideration or purchase-money.  This agreement contained in this deed can be enforced by the plaintiff as mortgagee.  And the right to maintain the action rests upon the principles laid down in *Lawrence* v. *Fox* (20 N. Y. 268); *Burr* v. *Beers* (24 id. 178); *Thorp* v. *Keokuk Coal Co.* (48 id. 253); *Campbell* v. *Smith* (71 id. 26), and kindred cases.  The claim that there is no consideration to uphold the agreement, is without any foundation.  As between Williamson and the grantees in his deed, they were bound to assume and pay portions of the mortgages, and they could not have compelled him to convey to them the land which he held for their benefit until they either paid or assumed to pay their portions of the mortgages.  Hence the conveyance to them furnishes ample consideration for their agreement.

Upon the trial the defendants gave some evidence tending to show that the plaintiff had informed the defendants that he would purchase the property at the foreclosure sale for the amount due upon the mortgage, and that they need not attend

the sale, and that they, in consequence thereof, did not attend the sale ; and hence they claim that the mortgage ought to be treated as paid. But this evidence on the part of the defendants was disputed by the plaintiff, and the court at Special Term found the facts upon this issue in favor of the plaintiff. That finding concludes us, and there is therefore no basis for this claim made by the defendants. There are no facts upon which they can found an argument that the mortgage must, as to them, be treated as paid, or upon which they can claim that the plaintiff is, as to them, estopped from claiming payment from them of the amount awarded to him.

A further point is made, that the defendants were entitled to a jury trial. We are of opinion that the plaintiff's remedy upon the covenant sued on was an action at law. The relief demanded and granted was a purely money judgment. There were no equities to adjust, and no equitable relief was needed. But the point that the defendants were entitled to a jury trial was not taken in such manner that we can consider it. The case was noticed and moved for trial at a Special Term before a judge without a jury. Before the counsel for the plaintiff opened his case, the counsel for the defendants " objected to the jurisdiction of the court, and demanded a jury trial." The court did not pass upon the question thus raised, but reserved its decision. Both parties then proceeded with the trial, both gave evidence, and the case was submitted to the trial judge. It does not appear that either party asked the judge to decide the question reserved, or objected to finishing the trial before him. By trying the case before him and finally submitting it to him for decision without insisting upon a jury, both parties must be held to have waived a jury trial. The defendants should have insisted upon a ruling by the judge upon their right to a jury trial, and if he ruled adversely to them, they should then have taken an exception. If he declined to rule at all or decided to reserve his decision, they should have excepted to this ; or as soon as the nature of the case was developed by the opening or the evidence, they should have insisted upon a ruling and taken their exception. (*Sharpe* v.

*Freeman*, 45 N. Y. 802.) When the judge decided to reserve his decision, the parties could not have understood that he would first try the case and then determine whether he had the right to try it. It must have been understood that he would reserve the decision until he could see from the opening or some evidence, whether the action involved matters of equity or of purely legal cognizance, and then decide the question reserved. The judge, by proceeding with the trial to its termination, must have determined that the defendants were not entitled to a jury trial, and no exception was taken to this determination. It would not be just to allow the defendants, under such circumstances, to go through the trial and take their chances of succeeding, and then, after an adverse decision, raise the question that they ought to have had a jury trial. Hence the exception filed by the defendants after the decision of the case, that the judge "did not determine as a conclusion of law that he had no jurisdiction to hear or determine" the action, is not available to them. If it was intended to present the question that they should have had a jury trial, for reasons stated it came too late.

The judgment should be affirmed.

All concur.

Judgment affirmed.