Benjamin v. Birmingham.

---

## BENJAMIN V. BIRMINGHAM.

| 50 | 433 |
| 64 | 643 |

| 50 | 433 |
| 179 | 240 |

1. GUARDIAN AD LITEM: *Authority of: Recital in judgment.*
Where the final judgment in a cause recites that one who had filed an answer therein as guardian *ad litem* for infant defendants, appeared in pursuance of a due and proper appointment by the court, this is sufficient to establish his authority.

| 50 | 433 |
| 187 | 378 |
| 87 | 438 |

2. PRACTICE: *Judgment against defendant constructively summoned: Appointment of attorney.*
It is error to render judgment against a defendant constructively summoned, and who has not appeared in the action, when no attorney to defend for him has been appointed as required by Mansf. Dig., sec. 5190.

3. VENDOR AND VENDEE: *Purchase of lands by agent: Personal liability of principal.*
The plaintiff sold and conveyed to the defendant P., certain lands for $2000.00, receiving $400.00 in cash and P.'s four promissory notes for the residue of the purchase money, for which he reserved a lien in his deed. P. in making the purchase acted as the agent of his co-defendants, and soon afterwards conveyed the lands to defendant S., "trustee for himself and others," by a deed which contained these clauses: "For

28

the further consideration of $1600.00 to be paid to myself or 'B.,' (the plaintiff,)" as follows, etc., * * * by the said S., trustee for himself and others;" and "if the said S., trustee, should choose to pay said moneys to B., on my said notes (meaning P.'s notes for the unpaid purchase money) then in that event, he is to return said notes duly receipted." When the first of P.'s notes fell due, his co-defendants,[S.and "the others"referred to in his deed,] paid it; and when the second note matured, they executed to the plaintiff their joint and several obligation to pay the amount thereof at a future day. In an action brought to enforce the plaintiff's lien and to obtain a judgment *in personam* for the amount of the three unpaid notes executed by P., *held :* (1.) That the acceptance of P.'s deed with the stipulation it embraceced as to the payment of the four notes, was in effect an agreement by S. to pay the balance due on the purchase money of the land ; and as the agreement was made for the benefit of the plaintiff, he could maintain an action upon it against S. directly, to recover the balance due on the debt thus assumed: (2.) That in the absence of any words in P.'s deed to S., implying an undertaking on the part of their co-defendants to pay the debt due from P. to the plaintiff, the fact that they were beneficiaries under that deed, did not make them personally liable therefor, and it was error to render a personal judgment against them for any part of such debt, except that represented by P.'s second note for the payment of which they became personally bound by their written obligation to the plaintiff.

**4.** BILL OF EXCEPTIONS : *When not necessary.*

Where oral testimony adduced at the hearing of a chancery cause, is reduced to writing and embodied as a recital in the decree, no bill of exceptions is necessary to bring it upon the record.

APPEAL from *Logan* Circuit Court in Chancery.

R. B. RUTHERFORD, Judge.

*M. W. Benjamin,* for appellant.

I. There is no record entry showing the appointment of a guardian *ad litem* for the heirs of Kidder. Read, who acted as such, was the attorney of Potts, whose interest was adverse. *Mansf. Dig., secs.* 4957-8,

II. No attorney *ad litem* was appointed to defend for the non-resident defendants. *Mansf. Dig., secs.* 5190, 5201.

III. No personal decree could be rendered against Slack, or any one for whom he was trustee, 40 *Barb.,* 226; 29 *Barb.,* 527.

The intention of the parties as expressed in the instrument determines who are the contracting parties. There

Benjamin v. Birmingham.

is nothing in the deed or notes to show any one to be a contracting party except Potts. 2 *Nev.*, 13; 16 *Mass.*, 42; 13 *Minn.*, 106; 42 *Ill.*, 288; 32 *Ga.*, 428; 7 *Mass.*, 14; 1 *Har. & J.*, 622; 1 *Lans.* (*N. Y.*,) 282; 16 *Pick.*, 347; 11 *Mass.*, 27; 1 *Iowa*, 426; 7 *Iowa*, 504; 4 *Green*, (*Ia.*) 428; 11 *Iowa*, 82; 3 *Dana*, (*Ky.*) 237.

*Sam. W. Williams*, for appellee.

It is evident from the whole case, that Birmingham has a vendor's lien; that a personal decree was properly rendered against Potts, and must be affirmed; for the decree is divisible, (*Mansf. Dig.*, 1313,) and as judgment might have been properly given against one or more below and continued as to the balance, (*Mansf. Dig.*, 5165,) so it may be, and if proper should be, affirmed as to all against whom the judgment should have been rightfully rendered. The personal judgment against Potts was proper, *Ib.*, sec. 5170, and should be affirmed, even if erroneous as to others. The presumption in the absence of exceptions and appearance is that the court proceeded regularly. The failure to appoint an attorney *ad litem*, was an error, which should have been corrected below. 33 *Ark.*, 17; 37 *Id.*, 549. Benjamin and Dill were served; they do not controvert or deny that Potts was acting for them, and the acceptance of the deed reciting the assumption of payment of the notes bound them. They thereby ratified the acts of their agent Potts. This, even if there was no agency, was a purchase of land upon an agreement to pay Potts' debt, and became both a lien on land and a personal debt by novation. 39 *Ark.*, 379. The creditor of Potts has a personal right of action. *Abb. Tr. Ev.*, p. 386. 25 *Ark.*, 106. Potts' authority could be proved by parol, and did not contradict the writing.

---

Benjamin v. Birmingham.

---

*Abb. Tr. Ev.*, p. 43, sec. 35, p. 402, sec. 26; 1 *Dan. Neg. Inst.*, 283.

If Potts acted for them, or they ratified his acts, they are liable. 10 *Wend.*, 271; *Dan. Neg. Inst.*, p. 285, sec. 305. By accepting the deed with the stipulation to pay the Potts notes they became bound.

The cause was heard on complaint, answer and oral evidence. There is no bill of exceptions setting out the testimony, and this court will presume that there was evidence to sustain the decree.

There is no proof that Jas. F. Read, who acted as guardian *ad litem*, was the same Read who was attorney for Potts. In the absence of proof this court will not presume as to the identity of the parties.

COCKRILL, C. J. The appellants were defendants to a suit brought by the appellee to foreclose a vendor's lien upon land and obtain judgment *in personam* for the residue of the purchase money that might remain unpaid after the sale of the land. Kidder, one of the parties sought to be charged, died pending the suit and the cause was revived against his administrator and heirs. Personal service was had on the defendants Potts, Benjamin and Dill and the heirs and administrator of Kidder; Slack and Hellmich are non-residents and were served by publication of warning order. There was no defense by any one, except through the guardian *ad litem* for Kidder's minor heirs. The complaint was taken as confessed against the defendants who were personally served, except the infant heirs of Kidder. The plaintiff adduced oral proof to sustain the complaint as to the others, the substance of which the court caused to be brought upon the record by embodying it in the

recitals of the decree. The proof was no broader than the allegations of the complaint, except as to Kidder's personal liability. The decree condemned the lands to be sold to satisfy the full amount of purchase money claimed in the complaint, and judgment of recovery was rendered against Potts, Benjamin, Dill and Kidder's administrator. An appeal has been prosecuted on behalf of all the defendants.

The non-resident defendants who were only constructively served, assign it as error that no attorney *ad litem* was appointed in their behalf; the infant heirs of Kidder say that there is no record entry showing the appointment of a guardian *ad litem* to defend for them, and that the attorney who acted for them in that capacity and filed an answer for them was the attorney of record for their co-defendant, Potts, whose interest was antagonistic to their own. Benjamin and Dill submit that the decree *in personam* against them is not warranted by the record, and Kidder's administrator assigns the same ground of error as to the judgment of recovery against his intestate's estate.

As the complaint was taken as confessed against the defendants last named, the correctness of the judgment against them is only a question whether the complaint sets forth facts sufficient to warrant the judgment. The complaint alleged that Birmingham, the appellee, sold the land to Potts and delivered him a deed for $2000.00, receiving $400.00 in cash, and Potts' four promissory notes for the residue, reserving a lien in his deed for the unpaid purchase money; that Potts, in making the purchase, acted as the agent of Slack, Benjamin, Kidder, Dill and Hellmich; that shortly after his purchase, Potts conveyed the lands to Slack, as trustee, for his co-defendants upon the consideration that Slack, as trustee,

should pay the purchase money which Potts had con-
tracted to pay to Birmingham. The deed from Potts to
Slack, which is made an exhibit to the complaint, does
not name the parties for whose benefit Slack was to hold
the title to the land, and neither Benjamin, Dill, Kidder
nor Hellmich is mentioned in it. The deed is a convey-
ance to Slack as "trustee for himself and others' and con-
tains these clauses, viz: " for the further consideration
of $1600.00 together with interest thereon to be paid to
myself (Potts) or T. M. C. Birmingham, as follows, &c.,
* * * * * * by the said W. D. Slack, trustee for
himself and others ; " and "if the said W. D. Slack, trus-
tee, should choose to pay said moneys to Birmingham on
my said notes (meaning Potts' notes for the purchase
money of the land) that in that event he is to return
said notes duly receipted." The complaint alleges that
"the others" referred to in Potts' conveyance are Benja-
min, Dill, Kidder and Hellmich, for whom and the said
Slack the lands were purchased by Potts ; and that Slack,
by accepting the deed for them bound himself and the
others for whom he held the title, personally to the pay-
ment of the purchase price due from Potts to the plain-
tiff ; that when the first of the Potts notes fell due, Slack
and the others acting in conjunction with him paid it off,
and that when the second one matured they executed
and delivered to the plaintiff their own joint and several
obligation to pay the amount thereof at a future day.
The three unpaid notes executed by Potts and the note
of Slack, Benjamin and the others, were filed with the
complaint as exhibits, or set out in extenso in it.

Upon this state of record the learned counsel for the
appellee certified the cause as an appeal taken for delay
merely ; but to affirm the judgment in toto requires the
adoption of several propositions which we cannot ap-
prove.

Benjamin v. Birmingham.

I, There was no error in the proceedings against Kid- 1. **Guardian Ad Litem: Authority of: Recital in judgment.** der's heirs. They, with their natural guardian, were regularly served with process. James F. Read appeared and filed an answer for them, as guardian *ad litem*, denying the allegations of the complaint ; and the final judgment recites.that Read appeared in pursuance of a due and proper appointment by the court as guardian *ad litem*. This was sufficient to establish his authority. See *Rust v. Rives*, 24 *Ark.*, 359.

As to the other objections made by them, we do not know judicially that James F. Read was attorney for any party in the cause and for that reason inelligible to serve as guardian *ad litem*. *Mansf. Dig.*, sec. 4958. Clendenning & Read sign Potts' answer as attorneys for him, but the identity of the surnames raises no presumption of the identity of the persons.

II. As to the non-resident defendants.

Before judgment can be regularly rendered against 2. **Practice: Judgment against defendant constructively summoned: Appointment of attorney.** a defendant only constructively summoned, and who has not appeared, an attorney must be appointed at least sixty days in advance to notify him of the action and defend for him. The statute requires it (*Mansf. Dig.*, sec. 5190) and the provision is mandatory. *Bush v. Visart*, 40 *Ark.* 124. It is error, therefore, to proceed to judgment without complying with the requirement.

III. The question of the personal liability of Benjamin 3. **Vendor and Vendee: Purchase of lands by agent: Personal liability of principal.** and the others standing with him, is more difficult to solve. It may be taken as settled that when one deals with an agent without knowing of the agency, he may elect to treat the after discovered principal as the person with whom he contracted, and maintain his action accordingly. *Foster v. State*, 45 *Ark.*, 367; *Wharton on Agency*, sec. 298. This is true although the contract is in writing

and affects real estate. *Briggs v. Patridge*, 64 *N. Y.*, 357; *Williams v. Gillias*, 75 *Ib.*, 580; *Shaeffer v. Hinkle*, *Ib.*, 378; *Nicoll v. Bourke*, 78 *Ib.*, 580.

It is not necessary to the validity of the contract under the statute of frauds that the writing disclose the principal; and it may be shown by parol that the agent who made the contract in his own name, was acting for another. Cases, *Supra*; *Ford v. Williams*, 21 *How.*, (*U. S.*) 287. When it is sought to charge an undisclosed principal as the responsible purchaser, as in this case, the statute of frauds is no protection to him, because the contract of the vendee is not required to be in writing. *Briggs v. Patridge* 64 *N. Y.*, *Sup*. But this doctrine of principal and agency invoked by the appellee to sustain the liability of Benjamin, Dill and Kidder's administrator, can have no application in the solution of the question, because the allegations of the complaint go to show that the extent of Potts' agency and of his authority to bind these defendants, is just what is evidenced by the language of his conveyance to Slack, as trustee. Construing the allegations of the complaint most liberally, we can infer only that this conveyance executes the power in pursuance of which Potts purchased the land for the defendants from Birmingham. If he was not authorized to bind his co-defendants personally in making the purchase, the act of purchasing in his own name did not have that effect. The intention of the parties as to the extent of their obligation is the controlling test, and that intention must find expression in words or acts in order to give the vendor a cause of action against the undisclosed vendees. It found expression, in this controversy, in the conveyance from Potts to Slack as trustee. The stipulations in it about the payment of the purchase money set forth above, are in effect an agreement by Slack as trustee, to discharge the debt which Potts owed Birmingham and which was secured

by a lien on the land. The acceptance of the deed by Slack to hold for himself and others, containing this provision, bound him as effectually as though the deed had been signed by him. *Biusse v. Paige*, 1 *N. Y. Ct. of App. Dec.* 138 & n. *Urquhart v. Brayton*, 12 *R. I.*, 169; *Hand v. Kennedy*, 83 *N. Y.*, 149; *Lamb v. Tucker*, 42 *Iowa*, 118; *Furnas v. Durgin*, 119 *Mass.*, 500; *Crawford v. Edwards*, 33 *Mich.*, 354.

And Birmingham, for whose benefit the agreement was made, can maintain his action against Slack directly to recover the debt assumed by him. Cases, *Supra*; *Ringo v. Wing.*, 49 *Ark.*, 457; *Johnson v. Walker*, 25 *Ib.*, 196.

But the question presented by this appeal is, are Benjamin, Dill and Kidder's administrator bound equally with Slack? They are not named in the deed, but the complaint alleges, and Potts testified, that they were the parties referred to as the "others." But there are no words used in the instrument implying an undertaking on the part of the "others" to pay the Birmingham debt; and it throws no light on the question of personal liability to show that the "others" there referred to are the parties above named. The fact that they were beneficiaries under that deed is not enough to establish a personal liability to discharge the debt due from Potts to his grantor for the purchase money. In order to give that effect to the acceptance of the Potts conveyance, the language of the instrument should express that intention. *Collins v. Rowe*, 1 *Abb. New Cases*, 97; *Biusse v. Paige*, 1 *N. Y. Ct. of App. Dec. sup.*; 3 *Wash. Real Prop.* * 672, sec. 35, a.

The obligation assumed by Slack cannot be said to be the promise of the others. The insertion of the words "trustee for himself and others," after his name, is only as matter of description to show the character in which he acts for his after protection, and it does not affect the rights or remedies of the others parties. *Duval v. Craig*, 2 *Wheat*, 56. The

direct, express obligation of a trustee does not bind the persons for whose benefit he acts, but himself only. *Story Prom. Notes, sec.* 63; *Conn v. Scruggs,* 5 *Baxter,* 567; *Underwood v. Milligan,* 10 *Ark.,* 254; *McDaniel v. Parks,* 19 *Ark.,* 671. His powers are limited to the performance of the duties imposed upon him. He has no principal to bind. There is nothing in this record to show, nothing from which it can be inferred, that Slack's obligation to pay is the act of the others. It may be that the others were willing to enter into an agreement between themselves and with Potts to enjoy a commmunity of interest in the land upon the condition that Slack alone should be personally liable for the debt to Birmingham. Motives of prudence would prompt such an agreement. It was competent for them to make that arrangement and if it was satisfactory to Potts, Birmingham cannot complain. As far as record shows, Potts was content to rely solely upon Slack's obligation to hold him harmless, and Birmingham cannot claim to be subrogated to any greater right than his debtor, Potts, is shown to possess.

The fact that these defendants joined in making the payment of the first instalment of the purchase money for which Potts had given his notes, and in entering into a personal obligation to pay the second, after the execution of the deed to Slack by Potts, does not, of itself, establish a ratification of Potts' acts so as raise a promise to pay the residue of his indebtedness. It may have seemed to their interest, at that time, to discharge that part of the incumbrance and relieve their title to that extent; but the discharge of a part of the purchase money incumbrance which they were under no legal obligation to pay, raises no presumption of a promise to pay off the residue. The act is consistent with their non-liability. *Williams v. Gillies,* 75 *N. Y. sup.,* ( *p.* 201.)

They became personally bound to Birmingham to the ex-

Benjamin v. Birmingham.

tent of their written obligation to him to discharge Potts' second note, and to that extent the court was warranted by the record in rendering a personal judgment against Benjamin, Dill and Kidder's administrator.

Counsel have not touched upon the question whether the proof shows that Kidder, unlike the others, confirmed all that Potts did by acts *in pais*, and we therefore waive it.

The appellee argues that we should presume that the decree is sustained by sufficient evidence because the record discloses that oral testimony was adduced at the hearing, and there is no bill of exceptions. But the oral testimony heard by the court was reduced to writing and embodied as a recital in the record of the decree, and is thus brought upon the record with as much certainty as could have been done by means of a bill of exceptions. The decree shows affirmatively that all the evidence considered by the court is in the record. No bill of exceptions was necessary.

4. BILL OF EXCEPTIONS: When not necessary.

No suggestion of error as to Potts has been made.

The decree will be reversed as to Slack and Hellmich. As they have entered their appearance by prosecuting the appeal, no attorney *ad litem* need be appointed for them in subsequent proceedings. Their appearance in the cause is general. *Hodges v. Frazer,* 31 *Ark.,* 58.

The judgment *in personam* against Benjamin, Dill and the estate of Kidder, in excess of the amount due on the note executed by them and Kidder to Birmingham, is reversed. Otherwise the decree is affirmed. The cause will be remanded to the Logan circuit court for further proceedings in accordance with this opinion.