J. STEWART Ross, Respondent, *v.* JAMES McCALDIN, Appellant.

Actions — trial by jury — prayer to have receipt vacated and rescinded does not convert a common-law action for a debt into an equitable action triable by the court.

In an action to recover a debt, the plaintiff alleged that he had accepted notes from the defendant, on account of the debt, which had never been paid, and that he had given the defendant a receipt in full settlement of all liability. He asked to have the receipt vacated, annulled and rescinded, and demanded judgment for the amount of the debt and interest. The action was moved for trial at a Special Term. The defendant demanded that the complaint be dismissed, or that the case be sent to a Trial Term to be tried by a jury. The motion was denied, the case

tried by the court and judgment entered against the defendant. *Held*, error; that the allegations in regard to the receipt do not suffice to turn the action into a case for the cognizance of a court of equity; that the action is a common-law action, and that the defendant, having made seasonable demand therefor and not having waived his right thereto, is entitled to a jury trial.

*Ross* v. *McCaldin*, 123 App. Div. 13, reversed.

(Argued March 4, 1909; decided April 27, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 9, 1907, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts so far as material are stated in the opinion.

*James Troy* and *Thomas H. Troy* for appellant. The receipt of the plaintiff constitutes no bar to a recovery for the admitted indebtedness, hence resort to a court of equity to remove it as an obstacle to such recovery was unnecessary. (*Ryan* v. *Ward*, 48 N. Y. 204; *Tobey* v. *Barber*, 5 Johns. 71; *Murray* v. *Gouverneur*, 2 Johns. 440; *Buswell* v. *Pioneer*, 37 N. Y. 312; *Jones* v. *Rice*, 19 Misc. Rep. 357; *Sulyeski* v. *Windholz*, 9 Misc. Rep. 498; *Mosel* v. *F. B. Co.*, 2 App. Div. 93; *Farren* v. *McDonnell*, 74 Hun, 176; 148 N. Y. 741; *Ahrens* v. *U. G. Co.*, 11 Misc. Rep. 108; *Blair* v. *U. & M. V. R. R. Co.*, 112 App. Div. 609.) The defendant was entitled to a trial by jury. (*Thomas* v. *Schumacher*, 17 App. Div. 441; 163 N. Y. 554; *Baylis* v. *B. Mfg. Co.*, 59 App. Div. 576; *Gilbert* v. *Bunnell*, 92 App. Div. 284; *Ashley* v. *Lehmann*, 54 App. Div. 45.)

*J. Stewart Ross* for respondent. Plaintiff's cause of action was in equity, and properly tried at Special Term. (*Williams* v. *Kiernan*, 25 Hun, 355; *Haines* v. *Meyer*, 25 Hun, 414; *Kujeck* v. *Goldman*, 150 N. Y. 176; *Nat. Park Bank* v. *Goddard*, 62 Hun, 31; *Haviland* v. *Willets*, 141 N. Y. 35; *Jones* v. *Jones*, 120 N. Y. 589; *American Ins. Co.* v. *Fiske*, 1 Paige, 90.)

Willard Bartlett, J.   This is a common-law action to recover an indebtedness of $1,000 alleged to be due to the plaintiff from the defendant.   The principal plea was payment.   Evidently anticipating this plea the plaintiff in his complaint alleged that he had accepted two promissory notes from the defendant on account of his debt which had never been paid and that he had given to the defendant a receipt for $1,000 in full settlement of all liability, which receipt he asked to have vacated, annulled and rescinded.   This prayer for relief was followed by a demand for judgment in the sum of $1,000, with interest and costs.

The allegations of the complaint in regard to this receipt do not suffice to turn the action into a case for the cognizance of a court of equity.   The receipt is not a contract.   (*Ryan* v. *Ward*, 48 N. Y. 204.)   It is merely a declaration which the defendant might use as evidence in support of his plea of payment.   The cases cited by the respondent in which equity has entertained jurisdiction of suits to cancel releases have, therefore, no application here.   We are clearly of opinion that this action is a common-law action, in which the defendant was entitled to a jury trial provided he made a seasonable demand therefor and did not waive his right thereto in any of the modes prescribed by the statute relating to that subject.

The action was moved for trial at a Special Term of the Supreme Court in Kings county.   At the outset of the trial the following proceedings took place :

" Defendant's Counsel :  Your Honor will see by reading the complaint that there is no equitable cause of action set out ; under the former practice the proper course would have been, if there was no equitable cause of action set up, to ask for a dismissal of the complaint, but under the decisions since and the provisions of the Code allowing different causes of action to be united, whether equitable or not, it has been held that the Court must determine from the allegations of the complaint, not from the prayer for relief, what the character of the action is.   Your Honor will see, after looking at this complaint, that the relief demanded is a judgment for a sum

of money, and I think, if your Honor will read the complaint, you will see that there is no equitable cause of action set forth.

" The Court: I think I will hear the proofs and decide the question afterwards.

" Motion denied. Defendant excepts."

The motion thus made by the counsel for the defendant, to the denial of which he duly excepted, was a demand that the case be sent to a Trial Term to be tried by a jury. This clearly appears subsequently in the record by what occurred after the plaintiff had introduced his testimony and rested. " Defendant's counsel renewed motion on the grounds already stated to dismiss the complaint or to send the same to Trial Term to be tried by a jury. Motion was denied. Defendant excepted." This statement plainly shows that the learned judge at Special Term must distinctly have understood the defendant's counsel to have demanded a jury trial unless the court was willing to dismiss the complaint on the ground that it did not state a cause of action cognizable by a court of equity. The course pursued by counsel for the defendant was that approved by this court in *Hand* v. *Kennedy* (83 N. Y. 149, 155), and an exception was duly taken to the denial of the motion in each instance. These exceptions raise a question of law for the consideration of this court. We think that they were well taken and entitled the defendant to a reversal of the judgment on the ground that he had a right to have the case tried by a jury. He asserted that right in due time and did nothing which could fairly be construed into a waiver thereof.

The judgment should be reversed and a new trial granted, costs to abide the event.

Cullen, Ch. J., Gray, Edward T. Bartlett and Hiscock, JJ., concur; Werner, J., dissents; Chase, J., absent.

Judgment reversed, etc.