### GUTIERREZ v. GARCIA et al.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

EVIDENCE (§ 408*)—PAROL EVIDENCE—CONVERSATION RELATING TO "RECEIPT."
> In an action to recover a deposit, the exclusion of plaintiff's conversation with defendant's representative, when he signed a receipt taken by defendant to show payment, was reversible error, since a "receipt" is only prima facie evidence of the facts stated therein, which may be explained by parol.

> [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1829–1842; Dec. Dig. § 408.*
> For other definitions, see Words and Phrases, vol. 7, pp. 5987–5990.]

Appeal from City Court of New York, Trial Term.

Action by Jacinto Laria Gutierrez against Alvaro Garcia and another. From a judgment for defendants upon the verdict of a jury, and from an order denying a motion for a new trial, plaintiff appeals. Reversed, and a new trial ordered.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Charles Fox, of New York City, for appellant.
Wm. J. Lippmann, of New York City, for respondents.

GERARD, J. This action was brought by plaintiff against the defendants to recover the sum of $825 deposited by the plaintiff with the defendants.

It appears that the plaintiff was in the employ of the defendants for a number of years, and that they took charge of his earnings for him. The plaintiff went to Spain, from whence he came, and thereafter, according to the story of the defendants, two letters were received by them in the same envelope. One of these letters was from the plaintiff, and asked defendants to send him the $825. The other letter purported to come from plaintiff's father, and stated that the plaintiff was in bad shape, and continued:

> "Send the draft in my name, because he is not in condition to get the draft paid to him."

---

·· Defendants thereupon procured a draft to the order of the father for the amount named, and sent it to a nephew of one of the defendants, in Spain. This nephew delivered the draft to the father of the plaintiff and received a receipt, which·was signed by both the father and the plaintiff:

"We have received from Garcia, Vega & Caraba the amount of $825 in settlement of the account of Mr. Jacinto L. Gutierrez that he had on· deposit with them."

Plaintiff was not allowed to show what conversation he had with the nephew at the time of giving him the receipt above set forth. We think that this was error. A receipt furnished merely prima facie evidence of the facts therein stated, and may be controverted and explained by parol evidence. Ryan v. Ward, 48 N. Y. 204, 8 Am. Rep. 539; Komp v. Raymond, 175 N. Y. 102, 67 N. E. 113; Ross v. McCaldin, 195 N. Y. 210, 88 N. E. 50, 133 Am. St. Rep. 787. It may be that the appellant might show that the receipt was obtained by misrepresentations; but, at any rate, the exclusion of the testimony of the plaintiff to explain the receipt constitutes error, on account of which a new trial should be had.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.