Finch, J.:
This is an action for damages for breach of an alleged contract whereby the defendant agreed to sell to the plaintiff certain canteens and mess kits. The plaintiff alleges non-delivery and claims the difference between the contract and market prices as his damage. The alleged contract was signed by both parties and is as follows:
“ Jos. L. Vieser,
“ 3223 Berks Street, Phila., Pa.
“ To D. S. Bellows * * *
“ Terms Freight * * * <j
“ 100 (-uses Canteens 75 to a case 2.25...... 225.00
“ 100 (-ases Mess Kits 2.25...... 225.00
450.00
“ Deposit........................... 60.00
“ Balance................................ 390.00
“ Received 60 Deposit
“ Balance S/D SDB/L
“ S. BELLOWS JOSEPH L. VIESER.”
The answer contained a general denial of all of the material allegations of the complaint, which includes the making of the contract,, and as a separate and distinct defense sets up that the plaintiff and the defendant made an agreement of a totally different kind, namely, an agreement by which the articles were to be sold at two dollars and twenty-five cents per dozen and not at two dollars and twenty-five cents per case, as appears in the writing. A majority of the Appellate Term has held that the defendant has sufficiently set up in its answer the defense of mutual mistake and that due to the error of the bookkeeper the minds of the parties did not meet on the contract as alleged in the complaint and hence the defense is good. This was the defense which the defendant sought to establish by evidence at the trial, namely, that the items were sold to the plaintiff at two dollars and twenty-five cents per dozen and that the bookkeeper in entering the agreement made the error. That thus no contract as alleged in the complaint ever came into being, the defendant could show. (Hume v. United, States, 132 U. S. 406; Madison v. Benedict, 73 App. Div. 112; Ross v. McCaldin, 195 N. Y. 210; Juilliard v. Chaffee, 92 id. 529.) In Meyer v. Lathrop (73 N. Y. 315) the court, in affirming the parol evidence rule, said with reference to oral testimony showing mutual mistake: “ Such testimony was, however, competent upon a,nother *542 and a different ground. And for the reason that it tended strongly to establish that there was a mistake; that both parties understood the contract as it is alleged it ought to have been, and as in fact it was, but for such mistake.”
In addition, the plaintiff testified at length to the negotiations and conversations between the parties leading up to the written contract. The court, over repeated objection and exception, excluded testimony offered on the part of the defendant which contradicted the oral testimony given by the plaintiff, giving for its reason that it would be a violation of the parol evidence rule. The evidence offered op behalf of the defendant was admissible either on the ground that it was in support of the defendant’s defense that no contract came into being by reason of the mistake of the bookkeeper in reducing the agreement to writing or because the plaintiff, by himself giving oral testimony of the negotiations and conversations leading up to and embodied in the written agreement, prevented the plaintiff from relying on the parol evidence rule. The defendant should have been permitted to introduce his version of the negotiations and conversations, not only for the purpose of contradicting this testimony op the part of the plaintiff, but also to show what the true agreement was. In 17 Cyc. 753, it is said: “ Where one party has introduced evidence of the conversations and negotiations leading up to a written agreement, the other party may give evidence as to the same matters, notwithstanding an objection that the evidence offered by him tends to vary or contradict the writing.” (Shaw v. Stone, 1 Cush. 228, 242; Mowry v. Smith, 9 Allen, 67, 68.)
Even without deciding the above questions, the determination of the Appellate Term in granting a new trial will have to be affirmed, since the trial court was in error in directing a verdict for the plaintiff. The request of the defendant to go to the jury on the question of damages should have been granted. The witness Sherman testified on behalf of the plaintiff: “ Q. You say that the fair and reasonable value of that merchandise was $12.50 per case? A. Yes, sir. * * * Q. You are the man that agreed to pay $10 a case for these goods? A. Yes, sir. Q. And, notwithstanding that you agreed to pay $10 a case, at that time, you say you heard of other sales at $2.25? A. Yes, they were sold at that time for $2.50 per case.” Since this witness admittedly bought the goods from the plaintiff for ten dollars a case, and had not yet settled with the plaintiff on his uncompleted contract, he was an interested witness and his testimony was for the jury. (Steele v. Hammond, 136 App. Div. 667.) It was also a fair inference from the testimony that the market value of the goods was only the value which this actual *543 sale showed, namely, ten dollars, and not twelve dollars and fifty cents a case, which the witness insisted upon. The court directed the verdict on the basis of twelve dollars and fifty cents.
It follows that there was an error upon the trial in directing a verdict and that the determination of the Appellate Term granting a new trial should be affirmed, with costs, and in accordance with the plaintiff’s stipulation judgment absolute is ordered for the defendant.
McAvoy and Mastín, JJ., concur; Glasee, P. J., and Dowling, J., dissent.