Varick *v.* Edwards.

---

### Varick and others *vs.* Edwards and others.

Where both parties had derived their title to the premises under the will of a former occupant, and the defendants, or those under whom they derived title, had recovered the premises from the ancestor of the complainant, upon the ground that the legal title was vested in the surviving son of such former occupant, by the will of his father; *Held*, that the defendants were estopped from denying the title of such surviving son, under whose title they had succeeded in their action at law; the complainants claiming under a prior equitable title derived from such son.

Where land was devised by the testator to his two sons, with a limitation over to the

survivor if either of them should die without issue ; and both joined in a conveyance, to a purchaser, for a valuable consideration, and one of them afterwards died without issue, in the lifetime of the other ; *Held,* that the purchaser was entitled in equity to the land devised to the brother who died first, and which afterwards came to the survivor, under the executory limitation over to him.

Where the person to whom land belongs in equity is in possession thereof, and he is afterwards evicted by a person having the mere legal title to the premises, the statute of limitations, as a bar to the equitable right, does not begin to run until such eviction. And the person so evicted may file his bill in chancery, to establish his equitable right to the premises, at any time within ten years after such eviction.

THIS case came before the chancellor upon an appeal, by the defendant Edwards, from a decree of the late assistant vice chancellor of the first circuit. The facts appear in the report of the case before him, in 1 *Hoffman's Chancery Rep.* 382.

*S. A. Foot & H. P. Edwards,* for the appellant.

*G. Wood & W. S. Johnson,* for the respondents.

THE CHANCELLOR. The assistant vice chancellor, in the able and elaborate opinion delivered by him, in the court below, has so fully examined the law and the facts in this case, that in affirming his decree it is only necessary that I should state briefly the conclusions of law and fact at which I have arrived.

Medcef Eden, the elder, either died seised in fee of the premises in question ; or he died in possession thereof as a mortgagee, having entered for the non-payment of the mortgage money, and he and his devisees continued in such possession until the right of the mortgagor was barred by lapse of time. And in the view I have taken of this case it is not very material which was the case in point of fact.

The defendants, or rather those under whom they claim, having recovered the premises at law, as devisees of Medcef Eden the younger, and upon the ground that the premises, at his death, belonged to him, under the executory devise contained in the will of his father, both parties are estopped from denying that the legal title was in him under such executory devise. And if he had made an assignment, under the insolvent

Varick *v.* Edwards.

act, previous to the conveyance to Winter, this court must presume a reconveyance from the assignee before that time, if Medcef Eden the younger's contingent interest in the premises was such an one as was capable of passing to such assignee, under the insolvent act.

The interest of Medcef Eden the younger, under the will of his father, was such an interest as could be assigned in equity; although the court of dernier resort has decided that it could not be assigned at law by a conveyance operating under the statute of uses, merely, so as to transfer the legal title to the purchaser during the life of Joseph Eden.

The deed of 1804, to Joseph Winter, was duly executed by Medcef Eden the younger, as well as by Joseph Eden; and was intended, by its terms, to convey all the right and interest which they or either of them then had, or which they might thereafter be entitled to, in the premises, under the will of their father, either vested or contingent, and the possibility of survivorship of Medcef Eden the younger, in case his brother should die without leaving issue. Such deed was founded upon a sufficient consideration; and was sufficient in equity to transfer to Winter the future and contingent right of Medcef Eden the younger to the property.

The equitable owner of the premises was in possession of the property, under this deed, at the death of Joseph Eden. And not having been disturbed in such possession until he, or those claiming under him, were turned out of possession by the holder of the legal title, under the judgment in ejectment, in 1827, time was not a bar to the complainant's suit in equity; nor did the statute of limitations commence running until such eviction. The complainants having no concurrent remedy at law, their right in equity could not be barred, except by the ten years limitation as to suits of exclusive equity cognizance, prescribed by the revised statutes; and this suit was brought within the ten years.

The decision of the court for the correction of errors is only *res adjudicata* and conclusive as to the *legal* title to the premises. And it does not in any way affect the equitable rights of the

complainants; except so far as to settle the question that their remedy, if any, is in this court and not in a court of law.

The court of chancery had jurisdiction of the case, to grant the relief which is given by the decree appealed from; and, for the reasons above stated, the complainants were entitled to such relief. The decree appealed from must therefore be affirmed, with costs.