Denio, J. (Dissenting.)
The material questions in this case have all been decided in the course of the litigation which arose upon the will of Medcef Eden, which has so often been, in different forms, before the courts of this State. In the first place, the limitation in favor of the surviving devisees, in case any of them should die without issue, is a good executory devise; the failure of issue mentioned referring to the time of the death of each of the primary devisees. This was decided in Anderson v. Jackson, in the Court of Errors (16 John., 382), the will of Eden, in this respect, being precisely similar to the one before us. It will be remembered that by that will the testator devised different parcels of land to each of his two sons, Joseph and Medcef, with cross limitations in fee to the survivors in the event of their respectively dying without lawful issue. The two devisees conveyed, by deed of release expressing a pecuniary consideration, a lot of land, parcel of that devised to Joseph, to one Winter, under whom Eichard Yarick subsequently derived title. Then Joseph Eden died, leaving his brother Medcef, Jr., surviving; and the latter afterwards died, having disposed of his real estate by will. His devisees claimed the lot on the same ground insisted on by the present plaintiffs, namely, that the expectancy of Medcef, under the executory limitation in his favor, was not, during the lifetime of Joseph, such an estate or interest in land as was capable of being conveyed or even released. Their devisees obtained possession under a judgment in ejectment in an action in which the deed to Winter was not given in evidence, and Yarick then brought ejectment relying upon that conveyance and taking the ground that Medcef’s interest did pass by it to Winter. The action was commenced in the Superior Court of the city of Hew York, where Yarick recovered. The defendants brought a writ of error to the Supreme Court, *400 where that judgment was reversed, and the last mentioned judgment was affirmed in the Court for the Correction of Errors. Then the parties claiming under Richard Varick, who had died, brought a suit in Chancery against those claiming under the will of Medcef Eden, Jr., to have the deed to Winter enforced upon equitable principles; under the idea that although it was defective in law for the purpose of passing the contingent right of Medcef, Jr., it was available in equity as equivalent to an executory agreement entered into upon a valuable consideration. The complainant succeeded before the Vice-Chancellor and the Chancellor, but the decree was reversed , ' «r m the Court of Errors. (Pelletreau v. Jackson, 11 Wend., 110; Jackson v. Waldron, 13 id., 178; Varick v. Edwards, 1 Hoffman, Ch. Rep., 382; S. C., 11 Paige, 289; Edwards v. Varick, 5 Denio, 664.) The judgment of the Supreme Court and the Court of Errors was that the interest of the executory devisee in such cases was a mere possibility, not, in judgment of law, coupled with an interest in the land; that it could not descend to the heirs of the devisee if he had died before he acquired the title by the death of the primary devisee, which was very plain, and that it could not be devised, or assigned, or released to the first devisee or his assigns. I at first thought the last branch of the proposition was not necessarily involved in the case, and that although the prevailing opinions in the Court of Errors, on both occasions, laid down the rule to the full extent above stated, we could still look into the antecedent authorities and determine for ourselves whether such a right was capable of being released. But I think that point was necessarily, as it certainly was in terms, decided. If Medcef Eden, Jr., could release to his brother, or to his brother’s grantee, the instrument which he executed would have been such a release. They joined in the deed to Winter. That deed indisputably passed the determinable fee which was vested in Joseph. Medcef’s release to Winter took effect at the same moment, and if it were possible to transmit his expectancy by a release to Winter, it passed by that instrument. But the Court of Errors held that it did not pass.
*401 We cannot consistently, with these precedents, hold that the plaintiff, Margaret Miller, by the deed under consideration, divested herself of the contingent limitations in her favor which afterwards took effect by the death of certain of her sisters and of her brothers without issue.
Judgment reversed and new trial ordered.