(39 App. Div. 390.)

### PERRIOR v. PECK.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1899.)

1. EQUITY—LACHES—MISTAKE IN DEED.

A deed of certain land, by the inadvertence of the scrivener, conveyed only the east half of a partition wall described therein, and the dower interest of the party of the first part in and to "the following described premises." Then followed a description of premises conveyed prior to that time to the grantor. At the time of the conveyance the premises were incumbered by a mortgage, to which the conveyance was made subject. Said premises were thereafter conveyed by various deeds in which the same description was used. Thereafter a grantee of the premises mortgaged the same with a correct description of the premises, which mortgage was foreclosed. Plaintiff (the grantor) was made a party defendant, and the premises were sold, and a deed executed, which contained a correct description of the premises. Plaintiff thereafter remained in possession, paying a monthly rental to the purchaser at foreclosure, and the purchaser at foreclosure thereafter conveyed the same. *Held*, that an attack on the original conveyance because of the misdescription made by plaintiff as against the vendees in good faith and for value, more than 20 years after the original deed was executed, cannot be maintained.

2. LIMITATIONS—REFORMATION OF DEED.

Where a grantee is in possession, claiming to own the land by virtue of his deed, limitations will not run against his right to seek a reformation of the deed to make his title effective, until he knows of the flaw in his title deed, or of an adverse claim to the land.

**3. EJECTMENT—DEFENDANT IN POSSESSION.**

    Defendant in possession, in defense of an action of ejectment attacking his title, may seek a correction of his conveyance to make his ownership effective.

**4. DEED—CONSTRUCTION—REFORMATION.**

    In determining what is to be conveyed by a deed, the intent of the parties is controlling; and where the conveyance is of one-half of a partition wall, and a transfer of all the dower interest of the party of the first part in certain described premises, followed by recitals of lands conveyed to the grantor, and reciting that the premises are subject to a mortgage, which mortgage covers the lands conveyed to plaintiff, it justifies a reformation of the deed to conform to the description of the lands conveyed to the grantor.

**5. PAROL EVIDENCE.**

    Parol proof in explanation of the intent of the parties in making a deed is competent.

Appeal from judgment on report of referee.

Action by George M. Perrior against Wilbur S. Peck. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

The plaintiff brought an action of ejectment to recover possession of lands occupied by the defendant, which the plaintiff claimed to own. The defendant, in his answer, claimed to be the absolute owner in fee of the premises in suit, and for affirmative relief asked to reform and correct a conveyance set forth in the answer, and that he be adjudged the owner in fee of said premises. The proofs show: That Moses D. Burnet conveyed the premises in controversy to Samuel Larned by warranty deed dated November 16, 1839. That Larned died February 3, 1864, intestate as to these lands; that, on the 2d of May, 1867, his widow, Caroline Larned, and his children, conveyed said premises to the plaintiff in this action, and that the plaintiff went into possession of the premises in pursuance of this conveyance. That by deed dated January 29, 1877, the plaintiff and wife attempted to convey to Robert A. Goodwin said lands and premises. That by the inadvertence of the scrivener said conveyance in fact conveyed only the east half of the brick partition wall described therein, "and also the dower right and interest of the party of the first part as widow of the late Samuel Larned, deceased, of, in, and to the following described premises, viz." Then followed a description of the premises conveyed to the plaintiff as hereinbefore stated. That at the time of such conveyance Caroline Larned, the widow of Samuel Larned, was dead; and it was the intention of the grantors to convey to Goodwin all the lands acquired by the plaintiff from said widow and heirs at law of Samuel Larned, deceased. That said conveyance was made by said plaintiff for the purpose of evading the payment of a claim which he deemed to be unjust, and no consideration passed from Goodwin to said plaintiff. That, at the request of the plaintiff, said Goodwin, by warranty deed, conveyed said premises, using the same description as is contained in the conveyance of January 29, 1877, to Maggie Clark. That, at the time of this conveyance said lands and premises were incumbered by a mortgage for the sum of $3,500. That at the same time said Maggie Clark, as a consideration for such conveyance to her, conveyed to the plaintiff a tract of 800 acres, situate in Dunklin county, in the state of Missouri. That, at the time of such conveyance said plaintiff was in possession of the premises in controversy, in pursuance of the conveyance from the Larned heirs to him. That on the 13th day of November, 1877, said Maggie Clark conveyed said premises by warranty deed to Alexander McKinstry, Jr.; and by deed dated the same day, but acknowledged January 19, 1878, McKinstry reconveyed said premises to said Maggie Clark, the deed of conveyance containing the usual covenant against the grantor. That these two deeds contained the same misdescription as the deed from plaintiff to Goodwin. That by an instrument dated November 13, 1877, said Maggie Clark mortgaged to said McKinstry said premises to secure the payment of the sum of $1,500; and subsequently, on the 21st day of January, 1878, said Maggie Clark conveyed said premises to Edward W. Day by warranty deed. That said deed and mortgage correctly

described said lands and premises, and the clause referring to the dower right of the widow of Samuel Larned was omitted from this instrument. That in 1878 McKinstry foreclosed said mortgage, and the plaintiff was made a party defendant. That judgment was recovered in said action of foreclosure, and the premises sold in pursuance of said judgment and conveyed to Edward P. Day, which deed, as well as all subsequent deeds, contained a correct description of said premises. That, after the conveyance from McKinstry to Edward W. Day, the plaintiff continued in possession of said premises for nearly two years by paying a monthly rent to said Day, or his agent, during the entire time of such occupancy; and from that time until just prior to the commencement of this action made no claim to own said premises. That by deed dated October 9, 1886, Edward P. Day conveyed said premises to William E. Ayres, and Ayres conveyed to defendant by deed dated November 4, 1893. That these two deeds were recorded, and each was based upon a valuable consideration. That defendant had been in continued possession of said premises since he obtained title thereto, claiming to own the same; and no title in plaintiff was asserted until November 29, 1895, when he demanded possession of the same by written notice. That plaintiff never obtained possession of the property in Missouri, conveyed to him by Mrs. Clark, although no action has ever been commenced by him against said Maggie Clark, or against the persons in possession of said Missouri property. This action was commenced January 25, 1896.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

William G. Tracy, for appellant.

J. L. Cheney, for respondent.

SPRING, J. The plaintiff was the unqualified owner of the premises in controversy. He was pressed by a creditor for an apparently insignificant demand, which he regarded as unjust, and, for the purpose of evading its payment, he endeavored to convey the lands to his friend Goodwin. In this conveyance the lands first purported to be conveyed are the east half of the lands covered by a partition wall, and then the dower right and interest of the widow of Samuel Larned in and to the premises conveyed to him by the Larned heirs, reciting the description seriatim. Perrior conceded it was intended by this conveyance to transfer the title of all the premises to Goodwin, and his subsequent conduct clearly confirms this concession. The conveyance itself bears intrinsic testimony in support of the claim that there was a mistake of the scrivener who drew the deed. The conveyance of one-half of the partition wall with no other right passing to the grantee is an absurdity; and, as the widow of Samuel Larned had been dead for 10 years, of course her dower right expired with her. The reference to her title, supplemented by an accurate description of the land intended to be conveyed, must convince any one that the words referring to her dower right were inserted inadvertently, and may well be regarded as surplusage. Later said conveyance is made subject to a mortgage of $3,500, which was given by the plaintiff to the Huntington sisters, and which covered all the premises designed to be conveyed. The only thing that can be spelled out of this conveyance is that the title of the premises described, following the allusion to the dower right, was absolutely vested in the grantee. Goodwin paid nothing for these premises. He held them for his friend, not claiming to own them, and he never assumed possession, nor asserted ownership. In July of the same

year, Goodwin deeded to Maggie Clark, with the same misdescription; and this transaction was clearly that of plaintiff, and in consummation of it Mrs. Clark conveyed 800 acres of land in Missouri to the plaintiff. Again, all parties agree that the design was to make an absolute conveyance to the grantee of all the premises Perrior owned. In the conveyance to Day, January 21, 1878, the description was corrected, and his title was recognized by plaintiff, as for nearly two years he paid rent to Day's agent. Each subsequent grantee has been in undisputed possession of these premises, so there has been an open, notorious assertion of title by the various owners in paying incumbrances, in making improvements, and in actual occupancy. All of this has been known to the plaintiff, and yet no claim has been made that he owned said premises during all these years. He now claims he was defrauded by Mrs. Clark, as she had no title to the swamp lands in Missouri, and seeks at this late day to devest the title of defendant, and also, in effect, to impeach the various warranty deeds intervening that of Maggie Clark to Day, by reason of this alleged failure of the Clark conveyance to vest him with the title. Although he has waited in this quiescent condition until the title has nearly ripened in defendant by lapse of time, and although he concedes the conveyance made to Goodwin and the one to Maggie Clark were intended to pass the title of all the lands he acquired from the Larned heirs, and although he has unmistakably recognized this fact, he is now endeavoring to prevent any correction of this conveyance to conform to the undisputed intention of the parties, because that right is barred by the statute of limitations. He certainly presents himself a suitor in an unenviable light, and any court seeking to mete out justice to litigants will scrutinize carefully his legal rights before reinvesting him with the title he sought to part with more than 20 years ago. But his counsel has presented his case with consummate ability, and it becomes necessary to examine the various legal questions involved.

It is urged that equity will not reform this conveyance, as the sale to Maggie Clark was without consideration, and she therefore obtained no title, and could transfer none to her grantee. This proposition assumes too much. At the time Maggie Clark conveyed to the plaintiff, she held the apparent legal title of the land in Missouri, and her conveyance has never been adjudged invalid, and no attack has been made upon the deed to the plaintiff, or to recover damages for the fraud charged, although, apparently, both parties have been within the jurisdiction of the courts of this state, and, in fact, residents of Syracuse. The claim of the plaintiff is that the Missouri lands were represented to be "first-class black walnut timber lands," which was untrue in fact; that Rathbun, the commissioner who executed the conveyance of these lands, possessed no power to convey, as his authority had been revoked; that the minimum price at which the lands could be sold was one dollar per acre, and these were sold very much below that price. Proof was taken on this trial as to these facts; and on the subject of authority a former county judge, not a lawyer, testified the records of the county had been burned, and he testified from recollection to the revocation of Rathbun's

authority, and proof was given in verification of the claim the lands did not conform to the representations made to plaintiff. The deed from Rathbun, as commissioner, to Cutler, bore date December 13, 1870, and the title, through mesne conveyances, to a part of the land, became vested in Mrs. Clark August 15, 1876; and, so far as the testimony shows, no attempt was made by any of the interested parties to assail any of these conveyances during that period; and plaintiff, with undue caution, has refrained from any vindication of his position since the conveyance to him. It is obvious that this collateral attack upon this conveyance 20 years after its delivery, as against vendees in good faith and for value, cannot succeed. It cannot be said, as matter of law, after this long lapse of time, that Maggie Clark was not the owner, unqualifiedly, of the lands she conveyed to the plaintiff.

It is insisted by the plaintiff's counsel that the defendant is not entitled to a reformation of the conveyance, as more than 10 years have elapsed since the conveyance was made. Where a grantee is in possession by virtue of his deed, claiming to own the lands he occupies, I seriously doubt whether the statute of limitations would ever run against his right to seek a reformation of his conveyance to make effective his title. If so, assuredly it would not begin to run until he knew of the distinct flaw in his title deed, or was cognizant of the adverse claim. Bartlett v. Judd, 21 N. Y. 200; De Forest v. Walters, 153 N. Y. 229, 47 N. E. 294; Varick v. Edwards, 11 Paige, 289. The defendant had only the most vague information of plaintiff's assertion of title. While plaintiff did claim to be the owner, the precise nature of his title he did not disclose; and defendant made all the examination that could be reasonably asked before completing his purchase. He did not pay $13,000 for his premises without expecting he was to be vested with an indefeasible title. It is claimed he should have examined the records, and in that way he would have ascertained the alleged defect in the early conveyances. Had he made that inspection, he would have discovered a judgment in an action of foreclosure, with a correct description of the premises, to which action plaintiff was a party. That would have satisfied him that if plaintiff ever possessed any claim it was extinguished by the judgment in that action. Had he pursued his inquiries in regard to plaintiff's claim of title, he would have learned that, after the conveyance to Day, the plaintiff openly recognized this title coming directly from his own conveyance to Clark, by paying rent monthly for the period of two years, and then surrendering the actual possession to Day. He would further have ascertained that for nearly 20 years plaintiff, with full knowledge of the asserted ownership of defendant's predecessors in title, had acquiesced in these titles without a lisp or murmur of dissent. It is well settled by authority that the defendant in possession, in defense of an action of ejectment attacking his title, may seek a correction of his conveyance to make his ownership effective. Hoppough v. Struble, 60 N. Y. 430; Dobson v. Pearce, 12 N. Y. 156; Mandeville v. Reynolds, 68 N. Y. 528; Gallup v. Bernd, 132 N. Y. 370, 30 N. E. 743. But I am clearly satisfied that the conveyance from Perrior to Goodwin and that from Goodwin to

Clark conveyed the absolute title. In determining what is to be conveyed by a deed, the intention of the parties, as in every other instrument; is controlling. Clapp v. Byrnes, 3 App. Div. 284, 38 N. Y. Supp. 1063; Groat v. Moak, 26 Hun, 381, affirmed 94 N. Y. 115; Peck v. Mallams, 10 N. Y. 509. In the case last cited, Judge Johnson, at page 532, explains the doctrine as follows:

"The general rule in regard to the construction of the description of the premises in a deed is one of the utmost liberality. The intent of the parties, if it can, by any possibility, be gathered from the language employed, will be effectuated. To this end parts of the description may be rejected, though upon the face of the deed they seem as material as the parts which are left. This only is requisite: that, after subjecting the description to every modification which the actual condition of the premises may require, there must be left some substantial designation of the thing to be conveyed, so that the court can see, looking at the property in the condition in which it was at the time of the deed, that the description can be fitted to it, and was intended by the parties to relate to it."

An analysis of this conveyance shows, therefore: First. A conveyance of one-half of a partition wall. This insignificant strip of land the parties never intended to be conveyed in and of itself and alone, as it would be wholly useless to the grantee. Second. The conveyance then assumes to transfer "all the dower right and interest of the party of the first part as widow of the late Samuel Larned, deceased, of, in, and to the following described premises, viz.," then reciting the lands conveyed by the Larned heirs to plaintiff. Again, the deed conveys the premises subject to a mortgage of $3,500, which covers all these lands. Without ascertaining by extraneous proof the intention of the parties (except that Mrs. Larned died 10 years prior to this conveyance), the simple facts to which I have called attention clearly establish that this conveyance was intended to vest the absolute title in the grantee. While parol proof in contradiction of a deed cannot be given, yet testimony aliunde in explanation of the intent of the parties is competent. Wilson v. Carrico, 140 Ind. 533, 40 N. E. 50; Insurance Co. v. Aitkin, 125 N. Y. 660–673, 26 N. E. 732; Tayl. Ev. §§ 1218, 1221; Foley v. Ruley, 43 W. Va. 513, 27 S. E. 268. These cases and this principle are not in conflict with Coleman v. Improvement Co., 94 N. Y. 233, Thayer v. Finton, 108 N. Y. 397, 15 N. E. 615, and kindred cases holding that nothing will pass except lands described in the conveyance, as in this case it is not sought to enlarge a description, only to eliminate unmeaning words as surplusage. It therefore can be gathered from the conveyance itself that the words referring to the dower right are meaningless, and with their eradication we have a complete conveyance of all the premises described therein, which tallies with the conceded intention of the parties. While the testimony fully warranted the referee in directing a reformation of the conveyance, and while it was entirely proper for him to do so as a matter of prudence, yet, from the view I take of the case, it was unnecessary.

I have not seen fit to consider the question of the effect to be given to the tax deeds, as they are simply, if of any significance, in confirmation of defendant's title.

The judgment is affirmed, with costs. All concur.