(63 App. Div. 300.)

## FISS et al. v. VAN SCHAICK.

(Supreme Court, Appellate Division, Second Department.   July 25, 1901.)

PLEADING—ANSWER—NEW MATTER.

A complaint alleged that defendant, being about to receive money for I., was directed by I. in September to pay the sum to plaintiff, and that defendant agreed so to do, but failed to perform; and the next cause of action alleged was that, defendant having collected a sum for I., the latter assigned it to plaintiff between June and September, of which assignment defendant was duly notified, and which sum he thereupon agreed to pay to plaintiff, but failed so to do. The answer set up, by way of new matter, that in October I. was indebted to defendant, and that he executed an assignment of money to become due under certain policies of insurance, and thereafter defendant collected the money, which was insufficient to pay the debt. *Held*, that the new matter was no defense, inasmuch as under the first cause of action the money was impressed with the trust when received, and, there being no allegation that defendant's assignment was prior to plaintiff's, it did not affect plaintiff's right under the former assignment.

Appeal from special term, Kings county.

Action by William Fiss and John B. Doerr against Eugene Van Schaick. From a judgment sustaining a demurrer to new matter set out in the answer to the complaint, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Eliot Norton, for appellant.

Edward M. Grout, Paul Grout, and James Crooke McLeer, for respondents.

WOODWARD, J.   The complaint sets out three causes of action; the demand in each instance being for the same amount of money, and representing the same demand. The first cause of action recites that:

"Heretofore, and in September, 1896, the defendant had and received the sum of $1,345, the property of plaintiffs, which sum he promised to pay them, but has failed to do so, although payment thereof has been demanded."

The second cause of action recites the same date, and declares that:

"The defendant, being about to receive as attorney for one Clement Indelli a sum of money, half whereof was' due to the plaintiffs, to wit, the sum of $1,345, was directed by the said Indelli to collect such sum and to pay the sum to the plaintiffs, and promised and agreed to and with the plaintiffs so to do, and was permitted by the plaintiffs to collect and receive the same; but he has failed to pay the same to the plaintiffs, although payment thereof has been demanded."

The third cause of action sets forth that:

"Between September, 1896, and June 1, 1897, the defendant, having collected as attorney for one Clement Indelli a sum of money, whereof a part, to wit, $1,345, was due to the plaintiffs, said Clement Indelli duly assigned and transferred to the plaintiffs said sum of $1,345 then in the hands of the defendant, of which assignment the defendant was duly notified, and which sum he thereupon promised to pay to the plaintiffs, but has failed so to do, although payment thereof has been demanded."

The defendant, answering, denies each of the several allegations, and sets up, as "further answering each and every cause of action in the complaint contained," certain matters relating to the money in dispute. The plaintiffs demur to this new matter, which is much in the nature of an explanation of the history of the transactions mentioned in the complaint, on the ground that it is insufficient in law upon the face thereof. The demurrer was sustained at special term, appeal coming to this court.

It is conceded that the demurrer is good as to the first cause of action, because it is there alleged that the money belonged to the plaintiffs, and the new matter could in no wise afford a reason why the defendant should keep the property of the plaintiffs, but it is urged that as to the last two causes of action the demurrer should be overruled. Where new matter is set up in the answer, all of the allegations of the complaint and the answer are to be taken as true, for the purposes of a demurrer (Douglas v. Coonley, 156 N. Y. 521, 528, 51 N. E. 283), and we are to determine whether the matter set forth in the answer is a defense to the complaint. The new matter alleged that:

"One Peter Indelli was a contractor in the city of New York, and. being in financial difficulties, transacted business through and in the name of Clement Indelli, mentioned in the plaintiffs' complaint as their assignor; that in October, 1896, said Peter Indelli and said Clement Indelli were indebted to the defendant and his associates in the sum of $3,500 and upward, and that on the 8th day of October, 1896, said Clement Indelli, at the direction and behest of said Peter Indelli, executed and delivered to this defendant, for value, an assignment in writing of all moneys due or to grow due under certain policies of insurance covering premises upon which a loss had occurred; that thereafter defendant did collect such moneys, but that the amount thereof was insufficient to cover said sum of $3,500, and that said Indellis are still indebted to defendant; that defendant has fully and completely accounted to said Clement Indelli and Peter Indelli for all such moneys, and has their release and acquittance therefor; that these moneys are the same moneys referred to in each and every cause of action set forth in the plaintiffs' complaint."

Conceding all of these matters to be true, we are unable to discover in them a reason why the plaintiffs would not be entitled to recover under the facts which they allege in their complaint, and which are equally entitled to be considered as true. The allegations of a pleading are to be liberally construed, with a view to substantial justice between the parties (section 519, Code Civ. Proc.); and if the defendant in the month of September, 1896, was about to "receive as attorney for one Clement Indelli a sum of money, half whereof was due to the plaintiffs," and he was "directed by the said Indelli to collect such sum and to pay the sum to the plaintiffs, and promised and agreed to and with the plaintiffs so to do, and was permitted by the plaintiffs to collect and receive the same," the money came into the hands of the defendant impressed with a trust; and the fact that in the month of October, 1896, Indelli was indebted to the defendant for a larger sum does not disclose any reason why the defendant should be relieved of the obligation to pay over this money to the plaintiffs. There is no allegation that Indelli owed the defendant anything at the time the

defendant was authorized to receive and pay over the money to the plaintiffs, and it is not until October that there is any claim of such indebtedness, while the complaint sets forth that the transaction out of which the defendant's duty to the plaintiffs arose was in the month of September of the same year. In a like manner, if the defendant received this money as attorney for Indelli, the latter giving an assignment of the same to the plaintiffs while the money was in the hands of the defendant, and he, being notified of such assignment, thereupon promising to pay to the plaintiffs the money involved in this controversy, it is not clear that an assignment of the same fund to the defendant would relieve the latter of the duty of discharging the obligation to the plaintiffs; and, as it does not appear that this alleged assignment was made until the 8th day of October, it is by no means certain that it was prior to the assignment made to the plaintiffs, the allegation of the complaint being that "between September, 1896, and June 1, 1897," the sum of $1,345, then in the hands of the defendant as attorney for Indelli, was duly assigned to the plaintiffs, which sum the defendant promised to pay to them. We are of opinion that the defendant, under his denial, may establish any facts which will disprove the claim of the plaintiffs, and that the new matter has no proper place in the action.

The interlocutory judgment should be affirmed, with costs. All concur.