## MADISON v. BENEDICT.

(Supreme Court, Appellate Division, Fourth Department. May 13, 1902.)

REFORMATION OF INSTRUMENTS—REFORMATION IN AID OF DEFENSE.

> Under Code Civ. Proc. § 507, authorizing a defendant to interpose as many legal or equitable defenses as may exist, the defendant in an action on a contract is entitled, as a matter of right, to show a mutual mistake in reducing the agreement to writing, which entitles him to certain credits.

Appeal from trial term, Oneida county.

Action by Stephen Madison against George Benedict. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

D. F. Searle, for appellant.
E. O. Worden, for respondent.

DAVY, J. This action was brought by the plaintiff to recover the value of a quantity of hay which was claimed by the defendant. The issues were tried before a jury at the Oneida trial term in March, 1901, and resulted in a verdict in favor of the plaintiff for $216.50. It appears that the plaintiff leased of the defendant a farm, which was located in the town of Verona, Oneida county, N. Y., to be worked on shares, for the period of two years from the 1st day of March, 1898. The plaintiff claims that, under the agreement expressed in the written lease, he was to leave as much hay at the end of the term as he found in the barns when he took possession of the farm, which did not exceed 5 tons in all; that when plaintiff surrendered possession of said farm to defendant, March 1, 1900, there was in the barns some 20 tons of hay, which by the terms of said lease belonged to plaintiff; and this action is brought to recover the value thereof. The plaintiff's claim is based upon the eleventh clause in the written lease, which provides that the "party of the first part agrees to furnish enough hay in the spring of 1898 to carry the stock through to the time for pasture, upon condition that, when the party of the second part leaves the farm, he leaves thereupon as much hay as he finds there when he takes possession." The defendant's contention is that when plaintiff took possession of the farm there was some hay in the barns, but not enough to feed the cattle through until grazing time, and defendant purchased and delivered to the plaintiff a large quantity of hay, which, in addition to the hay that was in the barn, was fed out to the cattle on the farm; that at the time the lease was executed it was understood and agreed between plaintiff and defendant that plaintiff was to leave as much hay on the premises at the expiration of the term as defendant furnished plaintiff to feed the cattle until they were turned out to pasture, and, if the lease does not express that agreement, it was a mistake; and he asked in his answer to have the contract reformed so as to conform to the agreement and understanding of the parties. The learned justice before whom the case was tried held, as a matter of law, that the contract could not be reformed in an action at law, and excluded all evidence as to the actual agreement between the parties, to which ruling defendant's counsel duly excepted.

It is a very common practice, in an action at law based on contract, for the defendant to set up in his answer an equitable counterclaim, asking a revision or cancellation of the contract. Section 507 of the Code of Civil Procedure permits the defendant to interpose as many defenses or counterclaims as he has, whether legal or equitable. The defendant, therefore, was entitled, as a matter of right, to show that the parties came to an understanding, but in reducing it to writing, through mutual mistake, they omitted some provisions agreed upon. The object of such a defense or counterclaim is to change the instru-

ment as written, so as to conform to the agreement as made, by inserting the provisions omitted. Perrior v. Peck, 39 App. Div. 396, 57 N. Y. Supp. 377; Hoppough v. Struble, 60 N. Y. 430; Dobson v. Pearce, 12 N. Y. 156, 62 Am. Dec. 152.

We think the evidence offered by the defendant to show the mistake in the written contract should have been received, and that the trial court erred in excluding it, for which error the judgment and order appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.