STEPHEN MADISON, Respondent, *v.* GEORGE BENEDICT, Appellant.

*Reformation of a contract — it may be obtained by a defendant in an action at law based thereon.*

In an action at law to recover the value of a quantity of hay, based upon a written contract, the defendant, upon proving that prior to the execution of the contract the parties arrived at an understanding in respect to the provisions thereof, but that, in reducing the contract to writing, through mutual mistake, they omitted some of such provisions, is entitled to have the contract reformed by inserting the omitted provisions where he has demanded such relief in his answer.

APPEAL by the defendant, George Benedict, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 12th day of March, 1901, upon the verdict of a jury, and also from an order bearing date the 4th day of March, 1901, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*D. F. Searle,* for the appellant.

*E. O. Worden,* for the respondent.

DAVY, J. :

This action was brought by the plaintiff to recover the value of a quantity of hay which was claimed by the defendant. The issues were tried before a jury at the Oneida Trial Term in March, 1901, and resulted in a verdict in favor of the plaintiff for $216.50.

It appears that the plaintiff leased of the defendant a farm, which was located in the town of Verona, Oneida county, N. Y., to be worked on shares, for the period of two years, from the 1st day of March, 1898.

The plaintiff claims that under the agreement expressed in the written lease he was to leave as much hay at the end of the term as he found in the barns when he took possession of the farm, which did not exceed five tons in all ; that when plaintiff surrendered possession of said farm to defendant, March 1, 1900, there was in the barn some twenty tons of hay, which, by the terms of said lease, belonged to plaintiff, and this action is brought to recover the value thereof.

The plaintiff's claim is based upon the 11th clause in the written lease, which provides that the "party of the first part agrees to furnish enough hay in the spring of 1898 to carry the stock through to the time for pasture, upon condition that when the party of the second part leaves the farm he leaves thereupon as much hay as he finds there when he takes possession."

The defendant's contention is that when plaintiff took possession of the farm there was some hay in the barns, but not enough to feed the cattle through until grazing time, and defendant purchased and delivered to the plaintiff a large quantity of hay, which, in addition to the hay that was in the barn, was fed out to the cattle on the farm; that at the time the lease was executed it was understood and agreed between plaintiff and defendant that plaintiff was to leave as much hay on the premises at the expiration of the term as defendant furnished plaintiff to feed the cattle until they were turned out to pasture, and if the lease does not express that agreement it was a mistake, and he asked in his answer to have the contract reformed so as to conform to the agreement and understanding of the parties.

The learned justice before whom the case was tried held as a matter of law that the contract could not be reformed in an action at law, and excluded all evidence as to the actual agreement between the parties, to which ruling defendant's counsel duly excepted.

It is a very common practice in an action at law based on contract for the defendant to set up in his answer an equitable counterclaim, asking a revision or cancellation of the contract.

Section 507 of the Code of Civil Procedure permits the defendant to interpose as many defenses or counterclaims as he has, whether legal or equitable.

The defendant, therefore, was entitled, as a matter of right, to show that the parties came to an understanding, but in reducing it to writing, through mutual mistake, they omitted some provisions agreed upon. The object of such a defense or counterclaim is to change the instrument as written so as to conform to the agreement as made, by inserting the provisions omitted. (*Perrior* v. *Peck*, 39 App. Div. 396; *Hoppough* v. *Struble*, 60 N. Y. 430; *Dobson* v. *Pearce*, 12 id. 156.)

We think the evidence offered by the defendant to show the mistake in the written contract should have been received, and that the trial court erred in excluding it, for which error the judgment and order appealed from must be reversed and a new trial granted, with costs to the appellant to abide the event.

McLENNAN, SPRING, WILLIAMS and HISCOCK, JJ., concurred.

Judgment and order reversed upon questions of law and of fact, and new trial ordered, with costs to the appellant to abide event.