submitted to the jury by the court, as those from which they were to determine whether, or not, defendant had been guilty of contributory negligence, were, therefore, the overdraft, the altered check by which the overdraft was apparently met, that the forged checks were not numbered, and the different color of the forged checks. To those circumstances, it seems, there might have been added the fact that by agreement between plaintiffs and defendant in consideration of the large balances, which the plaintiffs would maintain with defendant, the rate of interest allowed thereon was increased from 2 per cent. to 3 per cent.; and though this balance had solely by reason of the payment of the forged checks been reduced for a considerable period prior to the overdraft to a comparatively small sum, followed by the overdraft itself, defendant made no examination as to the occasion, and gave plaintiffs no notice thereof.

The jury was warranted beyond question, as it seems to me, in finding, as it has, that the contributory negligence of defendant was established. This would be true, even if the burden of proof were on the plaintiffs to establish such negligence. However, I do not believe that the burden of establishing that fact rested on them, but that it did rest, as in all cases within that class, on the party to whom it may be charged.

The charge of the court was a careful and accurate presentation of the case to the jury, so far, at least, as the questions on this appeal are concerned, and the verdict is fully sustained by the evidence.

The judgment and orders appealed from should be affirmed, without costs of this appeal to either party.

McLENNAN, P. J., concurs.

---

(124 App. Div. 569.)

NATIONAL GUM & MICA CO. et al. v. CENTURY PAINT & WALL PAPER CO. et al.

(Supreme Court, Appellate Division, First Department. March 6, 1908.)

1. CORPORATIONS—SALE OF STOCK—ACTION—ANSWER—SUFFICIENCY.

In an action against a paper company and certain individual defendants, plaintiffs alleged that they contracted with defendants, providing, first, that plaintiffs should sell to the individual defendants the entire capital stock of the paper company, and release the company from all claims for a certain sum loaned to it, but reserving certain claims for merchandise as represented by certain notes and open accounts, which amounts were to be paid by the paper company at maturity; third, that the individual defendants and the paper company should dispose of the present merchandise owned by the company, and collect the present bills and accounts receivable, and also bills and accounts receivable on the sale of the merchandise, and after deducting certain expenses pay the surplus to plaintiffs; that defendants violated the agreement, in that they sold some of the merchandise and collected some of the accounts, but had failed to pay the proceeds to plaintiffs. Judgment was demanded that defendants account and pay the amount found due, and retransfer to plaintiffs the accounts and property acquired under the agreement and in their possession. For a separate defense, defendants alleged that when

the agreement was executed defendants insisted that it was ambiguous, and had inserted at the end of the first paragraph the following words: "To wit, out of the proceeds of sales and collections as set forth in paragraph third thereof;" that on the express representations of plaintiffs that the agreement was not ambiguous, but that it expressed the intent of the parties that the notes referred to should be paid out of the surplus moneys only, the words thus inserted were stricken out; that the parties had all lived up to such construction of the agreement up to about the time of the action, and that no other construction had been claimed by plaintiffs. *Held* not to constitute a defense, there being no direct allegation that the plaintiffs had asserted a construction different from that claimed by defendants, and the allegation that the parties had theretofore lived up to such construction being a mere conclusion not based on the facts set forth.

2. SAME.

Defendants' second separate defense alleged that a balance of the merchandise remained unsold because of plaintiffs' refusal to allow it to be sold at the best figures obtainable, and that some of the accounts had not been collected with the consent of plaintiffs; that under the terms of the agreement plaintiffs might have enforced their collection at any time but had failed to do so. *Held*, that the facts alleged were such only as might be proved under a denial, and that they did not bar plaintiffs' right to the relief demanded, or any part thereof.

3. SAME.

Defendants alleged as a separate defense that one of plaintiffs had caused to be presented a certain note of the paper company at the place of payment therein named, being a balance of the payment to be paid only out of the net proceeds of plaintiffs' merchandise and collection of claims, and that without the knowledge and consent of the paper company the same was paid, although there were not sufficient funds on hand applicable thereto, and such payment was in violation of the agreement understood by the parties. No facts were alleged to explain the transaction. *Held*, that no defense was stated.

4. SAME—COUNTERCLAIM.

For a further defense and counterclaim, the paper company alleged the execution of the agreement; that from time to time some of the merchandise was sold, and out of the net proceeds certain payments were made to plaintiffs pursuant to the agreement, and that defendant paper company made payments, and was caused to make further payments, without its knowledge and consent, in excess of the net proceeds of the sales of the merchandise and collections of accounts. *Held*, that the facts pleaded were insufficient to constitute either a defense or counterclaim, there being no facts set forth showing that the payments were made by reason of any fraud of the plaintiffs, or by reason of any mistake of either of the parties, and it not being alleged that there was at the commencement of the action or thereafter anything due defendants by reason of such payments.

5. SAME.

For a further separate defense and counterclaim, defendant paper company alleged that at the special instance, and on the promise to pay of plaintiffs, it advanced a certain sum on account of a judgment theretofore recovered against defendant, which was a debt and obligation for which plaintiffs were liable, and that no part thereof had been repaid to defendant. *Held*, that since the only obligation of the paper company which the plaintiffs assumed under the agreement was for taxes, and it was not alleged that the judgment was recovered for taxes, and no facts were stated showing any liability by reason of it, no defense was stated.

6. SAME—REFORMATION OF INSTRUMENTS—COUNTERCLAIM FOR REFORMATION.

For a further defense, defendants alleged that when the agreement was executed the parties agreed that the notes referred to in the first paragraph thereof were to be paid, as provided in the third paragraph, out

of the net proceeds; that no other claim was made until the action was commenced; that since the commencement of the action one of the plaintiffs, as alleged assignor of a note given in renewal of the notes specified in the first paragraph of the agreement, recovered judgment against the paper company, claiming that the agreement was not ambiguous, and that the notes were payable absolutely at maturity; that up to such time no such claim had ever been made. This was followed by a prayer that the agreement be reformed so as to express the true intent of the parties; that the notes should be paid out of the surplus proceeds, and not otherwise. *Held*, that since the reformation of a contract may be set up as a counterclaim in an action founded on the contract, and inasmuch as the facts were set forth, and affirmative judgment prayed for asking reformation of the contract, such part of the answer might be treated as a counterclaim.

7. PLEADING—DEMURRER.

On a demurrer to new matter in an answer, all the allegations of the complaint and of the answer are to be taken as true in determining whether the matter set forth is a defense or not.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 525–534.]

8. SAME.

The Code of Civil Procedure does not authorize a defensive pleading designated as "an affirmative cause of action."

9. SAME.

On demurrer to a pleading, the allegations thereof should be construed liberally and favorably to the pleader.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 555.]

Appeal from Special Term.

Action by the National Gum & Mica Company and another against the Century Paint & Wall Paper Company and others. From an interlocutory judgment overruling demurrers to certain defenses and counterclaims contained in the separate answers of the Century Paint & Wall Paper Company and another, plaintiffs appeal. Judgment modified, as directed in opinion.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Edward A. Alexander, for appellants.

Henry G. K. Heath, for respondents.

McLAUGHLIN, J. This appeal is from so much of an interlocutory judgment as overrules demurrers to certain defenses and counterclaims set forth in the separate answers of the Century Paint & Wall Paper Company and William A. MacCormack. The complaint alleges, in substance, that on or about the 2d day of November, 1904, the plaintiffs and the defendants entered into an agreement, a copy of which is annexed to and made a part of the complaint. In the first paragraph of this agreement the plaintiffs agreed to sell to the individual defendants, parties of the second part, 300 shares—the entire capital stock—of the Century Paint & Wall Paper Company, for $2,587.75, and to release such company from all claims for $20,000 loaned to it, but reserving certain claims for merchandise which is specifically set forth as "To the A. Wilhelm Company upon note $8,180.36, and upon open account, $797.55; to the National Gum & Mica Company upon note, $2,901.84, and upon open account $689.17—which amounts are to be

paid by the said company at maturity as hereinafter set forth." In the second paragraph the parties of the second part agreed to pay to the plaintiffs $2,587.75 upon delivery of the stock. In the third paragraph they and the Century Paint & Wall Paper Company, party of the third part, agreed to "sell and dispose of the present merchandise owned by said company and collect the present bills and accounts receivable, and also bills and accounts receivable upon the sale of the aforesaid merchandise," and after deducting expenses for packing and shipping, porter's salary at $14 per week, and the bills owing for said merchandise, to pay over to the plaintiffs any surplus remaining. In the fourth paragraph it was agreed that such sales might be made upon the usual terms of the company to such persons as the parties of the second part saw fit so long as they acted in good faith for the benefit of the plaintiffs; that collection of the amount due on such sales was not guaranteed, and actions for collection were to be brought by or at the expense of the plaintiffs. In the fifth paragraph the plaintiffs agreed to pay all taxes and arrears of taxes then due and owing by the corporate company.

The complaint then alleged due performance of the agreement on the part of the plaintiffs, but that the defendants had violated the agreement in that they had failed to sell the merchandise referred to as provided in the agreement, and had appropriated a large part thereof; that they had unreasonably refused to collect a large number of the accounts, but had used them in promoting the business of the company; that they had sold some of the merchandise, and collected some of the accounts as provided in the agreement, the proceeds of which, after making proper deductions, amounted to about $15,000, which defendants had failed and neglected to pay to the plaintiffs, although requested to do so; that there still remains in the possession of the defendants a part of the merchandise and certain bills receivable, unsold and uncollected, amounting in value to many thousands of dollars; that to conceal their wrongdoing the defendants had wrongfully charged to the plaintiffs, and retained for their own use, certain sums for expenses in excess of those specified in the agreement to the amount of about $2,200; that plaintiffs have no adequate remedy at law; that they have demanded that defendants account, which they have refused to do; the judgment demanded is that the defendants account and pay to the plaintiffs the amount found due; and that they retransfer to the plaintiffs the accounts and property acquired under the agreement and now in their possession. The answers of the respondents to which the demurrers have been interposed are substantially the same. It seems to be conceded that paragraph 8 of the answer of the wall paper company should be considered as a separate and distinct defense, it being so pleaded in the answer of MacCormack. It may not be out of place to here call attention to the fact that in neither of the answers are the separate defenses numbered as required by the Code, and that this and other confusion results from the failure to properly number and designate them.

The first separate defense which is contained in the seventh paragraph of both answers alleges that at the time of the execution of the

agreement referred to in the complaint defendants' counsel insisted that it was ambiguous, and he had inserted at the end of the first paragraph the following words: "To wit, out of the proceeds of sales and collections as set forth in paragraph 3 thereof;" that upon the express representations and statements of plaintiffs and their counsel that the agreement was not ambiguous, but that the same clearly expressed the intention of the parties that the notes referred to should be paid out of the surplus moneys only, the words thus inserted were stricken out of the agreement; that the paper company has, from time to time, sold part of the merchandise and collected the accounts and has paid upon the notes, at different times, certain amounts out of the proceeds; that the amounts thus paid have been accepted by the plaintiffs and the notes renewed, the discount on such renewals being, with the consent of the plaintiffs, repaid by the company out of their share of the surplus going to the respective plaintiffs; "that the parties hereto have all lived up to the aforesaid construction of this agreement up to about the time of the commencement of this action, and that any claim that the agreement should be otherwise construed had not been claimed by the plaintiffs herein." The demurrer to this defense should have been sustained. The facts pleaded do not constitute a defense to the cause of action set out in the complaint. There is no direct allegation that the plaintiffs have asserted a construction of the agreement different from that claimed by the defendants, and if there were it would be of no importance. So far as the cause of action stated in the complaint is concerned, it makes no difference whether the notes were to be paid at maturity absolutely, or only from the net proceeds of sale. If the words which the defendants claim were stricken out had been left in the agreement, the complaint would not be changed in any respect, and the same cause of action would still be stated. The allegation that "the parties hereto have all lived up to the aforesaid construction of this agreement" does not state a fact constituting a defense to the cause of action alleged. It is, at most, a conclusion not based upon facts set forth.

The second separate defense set out in the eighth paragraph of the answers alleges that a balance of the merchandise remains unsold because of the refusal of the plaintiffs to allow it to be sold at the best figures obtainable, and some of the accounts have not been collected with the consent of the plaintiffs; that under the terms of the agreement the plaintiffs might have enforced their collection at any time, but they have failed to do so. There are technical objections to this defense, as there are to the others, in that reference must be had to other parts of the answer for additional facts not properly set forth in this defense. Disregarding these objections, however, the facts alleged do not constitute a defense. Upon a demurrer to new matter contained in an answer all the allegations of the complaint and of the answer are to be taken as true in determining whether the matter set forth is a defense or not. Fiss v. Van Schaick, 63 App. Div. 300, 71 N. Y. Supp. 588; Douglas v. Coonley, 156 N. Y. 521, 51 N. E. 283, 66 Am. St. Rep. 580. Here the facts alleged are only such as

might be proved under a denial, and, conceding the allegations to be true, they do not bar the plaintiffs' right to the relief demanded or any part thereof.  The demurrer to this defense, therefore, should have been sustained.

The fourth separate defense set out in the tenth paragraph of the answers alleges that on or about December 5, 1905, the plaintiff Wilhelm Company caused to be presented a certain promissory note of the paper company for $750 at the place of payment therein named—being a balance of the indebtedness to be paid only out of the net proceeds of the plaintiffs' merchandise and collection of claims as before set forth; that, without the knowledge and consent of the paper company, the same was paid, although there were not sufficient funds on hand applicable thereto, and such payment was in violation of the agreement as acted upon and understood between the parties.  How the plaintiffs violated the agreement by presenting a note for payment at the place where it was made payable, or how it was paid from the funds of the paper company without its knowledge and consent, does not appear, nor are any facts alleged to explain the transaction.  Obviously, no defense is stated, and the demurrer should have been sustained.

The fifth separate defense set out in the eleventh paragraph of the answers alleges in similar terms the presentation of a note for $600 by the plaintiff the National Gum & Mica Company, and its payment. The demurrer as to this defense, for the reasons stated as to the fourth, should have been sustained.

The Century Paint & Wall Paper Company, for a further defense and counterclaim, alleges in the twelfth and thirteenth paragraphs of its answer the excution of the agreement, and that from time to time some of the merchandise as therein provided was sold, and out of the net proceeds certain payments made to the plaintiffs in pursuance of the agreement; "that this defendant made payments, and was caused to make further payments as specified in the foregoing defenses, paragraphs 10 and 11 hereof, without its knowledge and consent, amounting up to February 15, 1905, to the sum of about $2,511.21; that the net proceeds of said sales of merchandise and collections of accounts as aforesaid amounted to the sum of $1,612.05 only, the balance of which amount, together with all and any further claims" shown on the account, the defendant prays judgment for.  It will be noticed that here the two preceding defenses are referred to, and in this defense there is the same absence of any intelligible allegations of fact. The allegation that the defendant "was caused" to make payments without its knowledge and consent is, in the absence of any other facts, worthless as a pleading.  It is possible that the pleader attempted to set forth the fact that the plaintiffs presented for payment the notes specified in the first paragraph of the agreement, and that the paper company paid them, although the net proceeds were insufficient to pay them in full, and the paper company now seeks to counterclaim the balance paid from its own funds.  But this is mere conjecture. There are no facts set forth showing that the payments were made by reason of any fraud of the plaintiffs or by reason of any mistake of

either of the parties. Nor is it even alleged that there is or was, at the commencement of the action, anything due to the defendants by reason of these payments. The facts pleaded are insufficient to constitute either a defense or counterclaim, and for that reason the demurrer to this defense should have been sustained.

The same defendant, in the fourteenth and fifteenth paragraphs of its answer, for a further separate defense and counterclaim, after referring to the agreement, and that its performance was entered upon, alleges:

"That on or about November 14th, 1905, this defendant, at the special instance and request and upon the promise to pay of the plaintiffs, advanced and paid out the sum of $520.71 for and on account of a certain judgment theretofore recovered against this defendant, which was a debt and obligation for which these plaintiffs were liable as an obligation of the old management of this company; that no part thereof has been repaid to this defendant."

No relief is asked by reason of this payment, but that is immaterial, since the facts stated do not constitute a valid defense or counterclaim. The only obligation of the paper company which the plaintiffs assumed under the agreement were for taxes due and in arrears, and it is not alleged that this judgment was recovered for taxes. The judgment was against the corporation, and no facts are stated showing any liability of the plaintiffs by reason of it. The demurrer to this defense, therefore, should have been sustained.

In the sixteenth, seventeenth, and eighteenth paragraphs of this answer, and in the twelfth, thirteenth, and fourteenth paragraphs of the answer of MacCormack, it is alleged, "for an affirmative cause of action herein," that when the agreement was executed the parties agreed that the notes referred to in the first paragraph thereof were to be paid not absolutely at maturity, but, as provided in the third paragraph, out of the net proceeds, and that the agreement was not ambiguous upon this point; that the parties followed this construction, and no other claim was made until about the time this action was commenced; that since the commencement of this action the plaintiff Wilhelm Company, as alleged assignor of a note given in renewal of the notes specified in the first paragraph of the agreement, in an action against the paper company brought by one Kalbach, who was represented by the attorney for the Wilhelm Company, and who recovered judgment by direction of the court, claimed that the agreement was not ambiguous, and that the notes set forth in the first paragraph were payable absolutely at maturity; that up to that time no such claim had ever been made, but, on the contrary, the plaintiffs had always lived up to the construction of the agreement as consented to and agreed upon at the time the agreement was signed. Then follow allegations to the effect that the agreement should be reformed so as to express the true intent of the parties that the notes should be paid out of the surplus proceeds as provided in the third paragraph of the agreement, and not otherwise; and judgment was prayed for to this effect. The Code of Civil Procedure provides that an answer must contain a general or specific denial and a statement of any new matter constituting a defense or counterclaim (section 500),

and that each defense or counterclaim must be separately stated and numbered. Section 507. Whether this new matter is alleged as a defense or as a counterclaim the defendants do not specify. It is designated as "an affirmative cause of action herein"—a form of pleading not authorized by the Code of Civil Procedure. Facts are alleged, however, which, if established at the trial, might justify a court of equity in reforming the contract, though neither fraud nor mutual mistake is specified. The facts are set forth, and affirmative judgment is prayed for. Arlt v. Whitlock, 65 App. Div. 246, 72 N. Y. Supp. 522. The reformation of a contract may be set up as a counterclaim in an action based on the contract. Madison v. Benedict 73 App. Div. 112, 76 N. Y. Supp. 402; Born v. Schrenkeisen, 110 N. Y. 55, 17 N. E. 339. Inasmuch as the facts are set forth and affirmative judgment prayed for asking a reformation of the contract, this part of the answer may be treated as a counterclaim. The fact that it is not in express terms defined as a counterclaim may be disregarded. McCrea v. Hopper, 35 App. Div. 572, 55 N. Y. Supp. 136, affirmed on opinion below 165 N. Y. 633, 59 N. E. 1125; Metropolitan Trust Co. v. Tonowanda, etc., R. Co., 18 Abb. N. C. 368. This is not a case where the defendant is demanding judgment for failure to reply to matter not specifically alleged as a counterclaim, or where the pleader has chosen to characterize such matter as a defense—a distinction referred to in Acer v. Hotchkiss, 97 N. Y. 395. Here, the question arises upon demurrer, and the allegations should be construed liberally and favorably to the pleader, and, while disapproving of the manner in which the new matter set forth is characterized, I think a valid counterclaim is alleged, and the demurrer thereto was properly overruled.

The interlocutory judgment, therefore, should be modified by sustaining plaintiffs' demurrer to the separate defenses and counterclaims contained in the answer of the defendant Century Paint & Wall Paper Company in the seventh to the fifteenth paragraphs, inclusive, and plaintiffs' demurrer to the separate defenses contained in the answer of the defendant William A. MacCormack in the seventh to the eleventh paragraphs, inclusive, with leave to both defendants to serve amended answers on payment of the costs in this court and in the court below, and with leave to plaintiffs to withdraw their demurrers to that portion of the answers designated "an affirmative cause of action" and reply thereto, without costs in this court, but on payment of the costs in the court below. All concur.