James A. Seaman, Respondent, *v.* Consolidated Finance Corporation, Appellant.

Fourth Department, January 5, 1927.

Sales — conditional sales — action in conversion to recover value of automobile sold to plaintiff on conditional sale and retaken and sold by defendant — wrong motor and serial numbers were inserted in contract — not necessary to reform contract before retaking — evidence — parol evidence rule was not violated by proof that automobile seized was automobile sold.

A conditional vendee of an automobile which has been retaken and sold in accordance with law by the assignee of the vendor, cannot maintain an action in conversion against the said assignee, on the theory that since the contract contained the wrong motor and serial numbers it was necessary first to have

it reformed in equity before the automobile could be seized and sold. Therefore, it was a good defense to the action for conversion that the automobile was retaken under the contract and sold in accordance with law.

The parol evidence rule was not violated by the introduction of testimony to prove that the automobile which was seized by the defendant and sold under the contract was the identical automobile covered by the contract, although it bore different motor and serial numbers.

APPEAL by the defendant, Consolidated Finance Corporation, from a judgment of the County Court of the county of Monroe, entered in the office of the clerk of said county on the 23d day of April, 1926, affirming a judgment of the City Court, Civil Branch, of the city of Rochester, entered in the office of the clerk of said court on the 7th day of January, 1924, and also, as stated in the notice of appeal, from the judgment of said City Court, Civil Branch, of the city of Rochester.

*Macomber & Skivington [George J. Skivington* of counsel], for the appellant.

*Leo J. Rice,* for the respondent.

HUBBS, P. J. This is an action to recover damages for the conversion of an automobile. The defense was that the automobile was taken from the possession of the plaintiff and sold by the defendant under a conditional sales contract given by the plaintiff to the defendant's assignor.

It appears that Andrew J. Miller owned and was in possession of an American four passenger sport model automobile, motor No. 4662, car No. 3564. He desired to sell it and authorized N. J. Adams, an automobile dealer from whom he had purchased it, to dispose of it. Mr. Adams told the plaintiff about the car and he went to the home of Mr. Miller and examined it. After inspecting the car, the plaintiff arranged with the American Motor Sales Company, the name under which Adams was doing business, to purchase it. Adams prepared a conditional sales contract between the American Motor Sales Company and the plaintiff. In it the car was described as one American new motor vehicle, serial No. 3568, motor No. 4658, type body sport touring. Those were not in fact the correct numbers on the car owned and in the possession of Mr. Miller.

At the trial Mr. Adams testified that he was not at his place of business when the contract was prepared, and that the wrong numbers were inserted in the contract by mistake. The plaintiff went to the home of Mr. Miller and took possession of the car. It was the only car owned by Miller. The plaintiff took the license card issued to Miller, with the correct numbers upon it,

to the county automobile license bureau and had the license transferred to himself.

Meanwhile, the American Motor Sales Company, acting through Adams, sold and assigned to the defendant the conditional contract of sale between the plaintiff and the American Motor Sales Company. The plaintiff did not notify his vendor or the defendant that the numbers on the license card did not correspond with the numbers in the contract of sale. He retained possession of the car and made to the defendant three payments on the contract according to its terms. Thereafter he defaulted in his payments and the defendant took possession of the car and sold it. The plaintiff does not question the regularity of the proceedings under which the car was sold. No question is raised about the amount unpaid on the contract. It is conceded that the plaintiff was in default and that the proper notice was served.

At the trial the plaintiff contended that the defendant did not have a valid lien on the car because the motor and serial numbers contained in the conditional contract of sale were not the same as the numbers on the car. It was urged at the trial that the defendant could not have a lien upon the car or could not legally seize the car and sell it until the contract had been reformed by an action in equity. The trial court apparently adopted that theory and awarded the plaintiff the value of the car.

At the trial no question was raised as to the form or sufficiency of the defendant's answer.

The plaintiff is the maker of the contract. No question which might arise between the holder of the contract and an innocent purchaser for value is involved. Under section 262 of the Civil Practice Act the defendant could plead any defense which it had, either in law or equity. It was not, as against the plaintiff, the maker of the contract, bound to first have the contract reformed by a court of equity before it could avail itself of it as a defense. (*Susquehanna S. S. Co.* v. *Andersen & Co.*, 239 N. Y. 285; *Walker* v. *American Central Insurance Co.*, 143 id. 167; *New York Life Insurance Co.* v. *Aitkin*, 125 id. 660.)

The parol evidence rule was not violated when the defendant was permitted to offer evidence that the car which it seized and sold by virtue of the contract was the identical car covered by the contract although it bore different motor and serial numbers. The evidence did not tend to vary or alter the contract, or substitute a new contract or new terms — it simply tended to identify the only car which plaintiff owned and upon which he gave the conditional contract of sale. (*New York Life Insurance Co.* v. *Aitkin, supra; Perrior* v. *Peck*, 39 App. Div. 390, 397; affd., 167

N. Y. 582; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 102 id. 205, 215.)

The judgment of the County Court and of the City Court should be reversed upon the law and the facts, and a new trial ordered to be held in the City Court, with costs to appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, CROUCH, TAYLOR and SAWYER, JJ.

Judgment of County Court and of the City Court reversed upon the law and the facts, and new trial granted to be held in the City Court, with costs in all courts to the appellant to abide the event.